2 A.3d 401 (2010)
415 N.J. Super. 398
Timothy B. VAN HORN, Plaintiff-Appellant/Cross-Respondent,
v.
Lisa J. VAN HORN, Defendant-Respondent/Cross-Appellant.
No. A-6553-06T3.
Superior Court of New Jersey, Appellate Division.
Argued December 16, 2009.
Decided July 23, 2010.
*402 John W. Thatcher, South Plainfield, argued the cause for appellant/cross-respondent.
Francis G. Grather argued the cause for respondent/cross-appellant (Broderick, *403 New-mark & Grather, attorneys; Alan J. Baldwin, Morristown, on the brief).
Before Judges PAYNE, C.L. MINIMAN, and WAUGH.
The opinion of the court was delivered by
MINIMAN, J.A.D.
Plaintiff Timothy B. Van Horn appeals from ¶ 6 of a June 29, 2007, order on his motion to enforce litigant's rights that disqualified his attorney and from ¶¶ 1 and 2 of a July 20, 2007, order denying reconsideration of the disqualification and denying a stay of same. Defendant Lisa Van Horn cross-appeals from ¶¶ 1 and 2 of the June 29, 2007, order, which required her to pay $17,140 to plaintiff plus counsel fees and from ¶ 3 of the July 20, 2007, order denying her application for counsel fees on defendant's motion for reconsideration.
We affirm ¶¶ 1 and 2 of the June 29, 2007, and ¶ 3 of the July 20, 2007 order. However, we reverse ¶ 6 of the June 29, 2007, order and ¶¶ 1 and 2 of the July 20, 2007, order because we conclude that disqualification of plaintiff's attorney was not an available remedy for violation of Rule 5:3-5(b), which prohibits an attorney from taking a mortgage to secure payment of attorney's fees while the matter is unresolved and the attorney represents the mortgagor-client. We also conclude that the evidence was insufficient to support a finding that the attorney violated R.P.C. 1.8.

I.
The parties were married on August 2, 1980. Three children were born of the marriage: a son in 1980, a daughter in 1982, and another daughter in 1985. Van Horn v. Van Horn, No. A-3813-05, 2008 WL 2699824 (App.Div. July 14, 2008) (slip op. at 2). Plaintiff filed for divorce on November 21, 2001. Id. at 5. The judge dissolved their marriage in a Dual Judgment of Divorce (JOD) entered on June 30, 2005, after a lengthy trial.
An Amended JOD was entered on December 9, 2005, resolving the parties' claims to alimony, equitable distribution, child support, and other issues. Both parties' requests for counsel fees were denied. Defendant appealed and plaintiff cross-appealed from the Amended Dual JOD. Id. at 1-2. We affirmed in all respects. Id. at 2.
From May 19, 2003, until June 29, 2007, plaintiff's counsel, Patricia Garity Smits, represented plaintiff pursuant to a matrimonial retainer agreement signed by plaintiff and Smits. The agreement required plaintiff to pay a $7500 retainer of which $2500 was to be reserved for application to the final bill. No additional retainers or monthly payments were required. The billing rate for Smits was $325 per hour. Plaintiff acknowledged that he was responsible to pay the bill in full even if defendant was ordered to contribute to his counsel fees, unless defendant actually made a payment. Plaintiff also agreed to pay interest of one percent per month on overdue amounts.
On December 27, 2005, Smits filed a notice of motion in aid of litigant's rights and for reconsideration of the portion of the Amended JOD that denied plaintiff's application for counsel fees. Plaintiff sought payment of child support, counsel fees on the motion, reconsideration of the divorce judgment, and other relief. Smits filed a certification in support of the reconsideration application. Defendant cross-moved for various forms of relief.
While this motion was pending, plaintiff executed a mortgage in favor of Smits on February 13, 2006. In the mortgage document, plaintiff stated: "In return for *404 legal fees that I owe, I promise to pay Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00) ... in accordance with the terms of a Mortgage Note dated February 13, 2006." The mortgaged property was plaintiff's home in Harmony.
On March 10, 2006, the judge issued four orders on plaintiff's December 27, 2005, motion and on defendant's cross-motion. One order instructed defendant to pay plaintiff $7140 plus interest for unpaid child support, required defendant to sign the authorization to transfer the PNC Investments Account to plaintiff, required immediate transfer of that account, defined the term "African bonds," and denied all other relief sought. The second order denied defendant's cross-motion for reconsideration of the Amended JOD and denied plaintiff's cross-motion for counsel fees in opposing that motion. The third order denied defendant's motion for a stay of certain portions of the Amended JOD pending appeal. The fourth order denied defendant's motion for reconsideration of the Amended JOD.
On March 30, 2006, defendant filed a notice of appeal from the Amended JOD and the March 10, 2006, orders. Plaintiff filed a cross-appeal on April 24, 2006, with Smits representing plaintiff as counsel of record.
While this appeal was pending, plaintiff, represented by Smits, filed another motion in aid of litigant's rights on February 7, 2007, seeking a judgment for the $7140 in unpaid child support, a judgment for $10,000 for unpaid equitable distribution, and other relief, including sanctions, payment of child support through the Probation Department, and counsel fees. Defendant cross-moved requesting a stay of plaintiff's motion pending the outcome of the previously filed appeal and seeking an order disqualifying Smits from further representing plaintiff in the case.
Plaintiff opposed the cross-motion, certifying that he wished to have Smits continue to represent him and contending that the disqualification motion was just one more threat and harassment by defendant's attorney. He asserted, "The mortgage has nothing to do with the request that [defendant] be required to pay fees that I wouldn't have except for her refusal to comply with the Amended [JOD]." Smits also filed an opposing certification. She urged that, with the appeal pending, the judge had no jurisdiction to decide the disqualification cross-motion. She also asserted that she was in full compliance with Rule 5:3-5(b) and there was no basis for a disqualification.
The judge heard the parties' arguments on March 23, 2007, and reserved decision. On June 29, 2007, the judge enforced the Amended JOD and ordered defendant to pay $17,140, awarded counsel fees to plaintiff, disqualified Smits, and denied all other relief. The judge found that
on February 21, 2006, a mortgage was recorded in which [plaintiff] gave his current attorney a mortgage on his home. [Plaintiff's] attorney was, as of February 21, 2006, and still is representing [plaintiff].

R. 5:3-5(b) states in pertinent part, as follows:
During the period of the representation, an attorney shall not take or hold a security interest, mortgage, or other lien on the client's property interests to assure payment of the fee. This Rule shall not, however, prohibit an attorney from taking a security interest in the property of a former client after the conclusion of the matter for which the attorney was retained, provided the requirements of R.P.C. 1.8(a) have been satisfied.

*405 Inasmuch as [plaintiff] is not a former client of Ms. Smits, [defendant's] motion to have Ms. Smits disqualified is granted.
Plaintiff subsequently filed a notice of motion on short notice requesting reconsideration of the judge's decision to disqualify Smits or staying the disqualification pending appeal. Smits represented plaintiff on this motion. Plaintiff certified that Smits was not representing him when he signed the mortgage. He did not ask her to represent him on the first post-judgment motion until after he signed the mortgage and note. These post-judgment motions were both new matters on which Smits agreed to represent him. He also certified that he agreed to the note and mortgage in December 2005 after the Amended JOD was issued. Smits did not force him to sign anything. The only reason the documents were not signed in December was because Smits wanted him to consult with another attorney first and that took time. He stated, "I want Ms. Smits to continue as my attorney" and expressed that he would suffer a hardship if she were not allowed to do so.
Smits, too, filed a certification expressing that she believed she complied with Rule 5:3-5(b), a rule that protects a client, but here the client wanted no such protection. She urged defendant and her attorney had no standing to invoke the rule. She certified that her representation of plaintiff ended when the Amended JOD was issued on December 9, 2005, at which point she was permitted by Rule 5:3-5(b) to take a security interest from plaintiff. She gave the mortgage and note to plaintiff in December after the Amended JOD was entered but before her representation of defendant in any post-judgment applications began. She complied with R.P.C. 1.8 by telling plaintiff to consult with another attorney before signing the documents, which took time.
The judge heard the parties' arguments on July 20, 2007. In an order issued later that day, the judge denied plaintiff's motion for reconsideration. The judge concluded that
plaintiff's counsel took a security interest in the client's property before the conclusion of the matter for which she had been retained in the trial court. The attorney held a security interest in the client's property as of February 13, 2006. [Rule ] 1:11-3 states that an attorney's representation of a client in a litigated matter terminates upon the "expiration of the time for appeal from the final judgment or order entered therein." The time to appeal did not run until April 10, 2006. Furthermore, the client is not a former client. In addition, [Rule 5:3-5(b) ] does not say that an attorney can take a security interest while representing a client if the client consents.
Smits, on behalf of plaintiff, filed this notice of appeal from ¶ 6 of the June 29, 2007, order disqualifying her and from ¶¶ 1 and 2 of the July 20, 2007, order denying reconsideration of the disqualification and denying a stay of the disqualification. Defendant cross-appealed from ¶¶ 1 and 2 of the June 29, 2007, order, which required defendant to pay $17,140 to plaintiff and required her to pay counsel fees and from ¶ 3 of the July 20, 2007, order denying her an award of counsel fees incurred in opposing the reconsideration motion. Because the amount of counsel fees had not been determined, we advised the parties that the appeal was premature. Fees were later awarded to plaintiff on December 13, 2007, and this appeal became ripe.
In the meantime, on October 5, 2007, defendant moved before us to disqualify Smits and for reconsideration of our order *406 on motion No. M-4270-06. That order, dated May 10, 2007, denied defendant's request to disqualify Smits from further representation but withheld final decision until after the Family Part decided the disqualification motion made there. On November 28, 2007, we granted the disqualification of Smits based on the Family Part judge's June 29, 2007, order and found the reconsideration motion moot. On May 2, 2008, John W. Thatcher filed a notice of appearance as counsel to plaintiff. On December 8, 2008, defendant moved to disqualify Thatcher, which we denied on January 9, 2008, although we struck the brief Smits had written and required Thatcher to file a new brief.

II.
In his first point on appeal, plaintiff urges that defendant had no standing to seek Smits's disqualification, the motion was not a proper cross-motion, and the judge had no jurisdiction to consider the cross-motion due to the pending appeal. Second, plaintiff contends that Smits concluded her representation of him when the Amended JOD was entered on December 9, 2005, because the retainer "agreement did not include nor contemplate representation" after entry of a JOD. As a consequence, he urges Rule 5:3-5(b) permitted Smits to take a security interest in his property. The mortgage and note were not intended to secure payment of fees on the post-judgment applications. He contends the rule was intended to protect him and should not have been used as a sword by defendant to harm him. Third, plaintiff points out that the rule does not require disqualification if it is violated and urges that a plenary hearing should have been conducted to determine an appropriate remedy and should not have been decided without any fact-findings and conclusions of law.
Defendant asserts that the judge correctly disqualified Smits, because Smits took the mortgage at a time when she was still representing plaintiff, the time for appeal not having run. Defendant contends Smits violated R.P.C. 1.8; that she omitted material facts from certifications she filed with the court; had become the real party in interest in the litigation, since she effectively owned all of plaintiff's assets; and the court had an independent interest in assuring conflict-free representation of litigants, which was not the case here. Defendant also contends that it was unquestionable that Smits violated Rule 5:3-5(b) and R.P.C. 1.8, that a conflict of interest certainly existed, and that disqualification was required. She urges that a plenary hearing was not necessary because there were no material factual disputes and points out that the judge indeed made fact-findings in the decision she attached to the order. Last, defendant contends that the judge erred in awarding legal fees on the motion in aid of litigant's rights because Smits violated R.P.C. 1.8, which requires forfeiture of all fees earned in a case.
The decision of a trial court to disqualify an attorney from representing a party presents an issue of law. J.G. Ries & Sons, Inc. v. Spectraserv, Inc., 384 N.J.Super. 216, 221-22, 894 A.2d 681 (App. Div.2006). We therefore review the decision de novo, and our review is similar to that in other appeals involving issues of law. Id. at 222, 894 A.2d 681. Thus, the "trial court's interpretation of the law and the consequences that flow from established fact are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995).
An award of counsel fees is a decision that generally rests within the discretion of the judge and is thus reviewed for an abuse of that discretion. *407 Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 443-44, 771 A.2d 1194 (2001). "`[F]ee determinations by trial courts will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion.'" Id. at 444, 771 A.2d 1194 (quoting Rendine v. Pantzer, 141 N.J. 292, 317, 661 A.2d 1202 (1995)). An abuse of discretion occurs where the trial court decision was "`made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" United States v. Scurry, 193 N.J. 492, 504, 940 A.2d 1164 (2008) (quoting Flagg v. Essex County Prosecutor, 171 N.J. 561, 571, 796 A.2d 182 (2002)). However, where the issue is whether a rule of law precludes an award of fees, our review is de novo. Manalapan Realty, supra, 140 N.J. at 378, 658 A.2d 1230.

III.
With respect to the procedural issues raised by plaintiff, he is entirely correct in arguing that the application to disqualify Smits was not a proper cross-motion. The version of Rule 1:6-3(b) in effect at the time the cross-motion was filed states, in pertinent part,
A cross-motion may be filed and served by the responding party together with that party's opposition to the motion and noticed for the same return date only if it relates to the subject matter of the original motion. ...
[Pressler, Current N.J. Court Rules, R. 1:6-3(b) (2007) (emphasis added).][1]
Defendant's cross-motion to disqualify counsel clearly did not specifically relate to the subject matter of the original motion. However, the judge had discretion to relax the rules to "eliminate[e] ... unjustifiable expense and delay," Pressler, Current N.J. Court Rules, R. 1:1-2 (2007). Plaintiff, who filed opposition to the cross-motion and then sought reconsideration of it, has not demonstrated any prejudice to his ability to defend the cross-motion, and we find no error in the judge's consideration of it.
With respect to the judge's jurisdiction to consider the cross-motion, Rule 2:9-1(a) states, in pertinent part, that "supervision and control of the proceedings on appeal ... shall be in the appellate court from the time the appeal is taken. ... The trial court, however, shall have continuing jurisdiction to enforce judgments and orders pursuant to R. 1:10 and as otherwise provided."
In Carlucci v. Carlucci, 265 N.J.Super. 333, 335, 626 A.2d 1124 (Ch.Div.1993), both parties appealed a final JOD in which issues of custody, visitation, equitable distribution, and support were resolved. The appeals were subsequently dismissed, except for the plaintiff's appeal of the custody provisions of the judgment. Ibid. While that appeal was pending, the parties filed cross-motions seeking relief regarding the children's enrollment in a baseball program, alienation of the children's affections, modification of the visitation schedule, and counseling. Ibid. After examining the language of Rule 2:9-1(a), the Family Part judge found that "[i]f the new issue does not have the capacity to affect (i.e. render moot) the pending appeal, it is a `new case' and the pending appeal (of an unrelated `case') does not preclude the trial court from considering the `new case'." Id. at 339, 626 A.2d 1124. The judge rejected the contention that Rule 2:9-1(a) operates to divest the lower court of all jurisdiction, instead ruling that an appeal does not ordinarily affect the trial court's *408 jurisdiction over matters collateral to the subject of the appeal. Id. at 338-40, 626 A.2d 1124. The judge determined that the applications at issue would not "affect, impair or destroy the subject matter of the appeal," and it exercised jurisdiction to hear the issues. Id. at 344, 626 A.2d 1124.
In Kiernan v. Kiernan, 355 N.J.Super. 89, 809 A.2d 199 (App.Div.2002), the defendant appealed the trial court's determination that it lacked jurisdiction to hear his motion for reconsideration of the divorce judgment because the underlying divorce action was pending on appeal. Id. at 90, 809 A.2d 199 (citing R. 2:9-1(a)). We affirmed, finding that Rule 2:9-1(a) barred the defendant's motion for reconsideration where the motion sought to challenge aspects of the divorce judgment, the appeal of the divorce judgment was still pending, and the defendant failed to obtain a remand order as allowed by Rule 2:9-1(a). Id. at 92, 94-95, 809 A.2d 199. We distinguished Carlucci because that opinion "addressed claims which were clearly collateral to and did not affect the child custody issues in the pending appeal. ..." Id. at 93, 809 A.2d 199 (emphasis added).
Here, like Carlucci, defendant's cross-motion to disqualify counsel was clearly collateral to the issues pending on appeal, because the cross-motion could not "affect, impair or destroy the subject matter of the appeal." Carlucci, supra, 265 N.J.Super. at 344, 626 A.2d 1124. The motion to disqualify was "functionally equivalent to a new action" in that none of the issues pending on appeal at the time the cross-motion was made dealt with Smits and the mortgage, ibid., nor did it seek reconsideration of the judgment pending appeal. The Family Part judge had jurisdiction over the cross-motion. Even if that were not so, we deferred ruling on the issue pending the outcome of the disqualification motion before the Family Part and then ordered the disqualification on appeal based on the opinion of the Family Part judge on the post-judgment motions.
As to the issue of standing, Rule 5:3-5(b) provides in pertinent part:
During the period of the representation, an attorney shall not take or hold a security interest, mortgage, or other lien on the client's property interests to assure payment of the fee. This Rule shall not, however, prohibit an attorney from taking a security interest in the property of a former client after the conclusion of the matter for which the attorney was retained, provided the requirements of R.P.C. 1.8(a) shall have been satisfied.
[R. 5:3-5(b).]
The comments to Rule 5:3-5(b) explain, "It is of course clear that not only must the representation have first terminated but also that the matter for which the attorney was retained must also have been concluded." Pressler, Current N.J. Court Rules, comment 3 on R. 5:3-5(b) (2010). The rule has no enforcement mechanisms specified nor does it address standing to enforce the rule. However, our general jurisprudence on disqualification of attorneys establishes defendant's standing to challenge Smits representation of plaintiff.
A party has standing when it has a "sufficient stake and real adverseness with respect to the subject matter of the litigation, and a substantial likelihood that some harm will fall upon it in the event of an unfavorable decision." In re N.J. Bd. of Pub. Utils., 200 N.J.Super. 544, 556, 491 A.2d 1295 (App.Div.1985) (citing N.J. State Chamber of Commerce v. N.J. Election Law Enforcement Comm'n, 82 N.J. 57, 67, 411 A.2d 168 (1980)). Possessing a financial interest in the outcome of the litigation is ordinarily sufficient to confer standing. Strulowitz v. Provident Life & Cas. Ins. Co., 357 N.J.Super. 454, 459, *409 815 A.2d 993 (App.Div.), certif. denied, 177 N.J. 220, 827 A.2d 288 (2003).
Our jurisprudence has entertained disqualification motions filed by the attorney's adversary. See City of Atl. City v. Trupos, 201 N.J. 447, 450-52, 992 A.2d 762 (2010) (reviewing municipality's motion to disqualify law firm from representing plaintiff taxpayers based on firm's prior representation of municipality); Dewey v. R.J. Reynolds Tobacco Co., 109 N.J. 201, 204-05, 536 A.2d 243 (1988) (reviewing defendant's motion to disqualify one of two firms representing plaintiff based on a conflict of interest); Stengart v. Loving Care Agency, Inc., 408 N.J.Super. 54, 76-77, 973 A.2d 390 (App.Div.2009) (requiring trial judges to consider plaintiff's application to disqualify defense counsel), aff'd as modified, 201 N.J. 300, 990 A.2d 650 (2010).
Here, while the appeal from the Amended JOD was still pending, defendant retained an interest in the marital property and had standing to challenge Smits's continued representation of plaintiff and the enforceability of the mortgage on the marital home. There were no procedural bars to the Family Part judge's entertainment of the cross-motion.

IV.
Plaintiff argues that Smits did not violate Rule 5:3-5(b) because, while plaintiff did execute a mortgage in favor of Smits, the mortgage and note were negotiated and executed after the conclusion of the matter for which Smits was retained. There is no merit to this contention.
Rule 5:3-5(b) "prohibits the attorney from taking a security interest in the client's property interests, including, of course, marital assets, to secure payment of the fee. ..." Pressler, Current N.J. Court Rules, comment 3 on R. 5:3-5(b) (2010). A violation of the rule occurs if an attorney takes a security interest, mortgage, or other lien on a client's property to assure payment of a fee during the period of representation. R. 5:3-5(b). An attorney's representation of a client "shall terminate upon the expiration of the time for appeal from the final judgment or order entered therein." R. 1:11-3. The timely filing of a motion for reconsideration of an order tolls the time for filing an appeal. R. 2:4-3(e); Eastampton Ctr., LLC v. Planning Bd. of Eastampton, 354 N.J.Super. 171, 186-87, 805 A.2d 456 (App.Div. 2002).
It is clear from the facts that a violation of Rule 5:3-5(b) occurred when Smits took a note and mortgage on plaintiffs home. Smits represented plaintiff through entry of the Amended JOD on December 9, 2005. She was required to represent him for another forty-five days. R. 1:11-3. On December 27, 2005, plaintiff moved to enforce his rights under the judgment and for reconsideration, extending the time for appeal and extending Smits's representation of plaintiff while the time to appeal was tolled. Smits represented plaintiff on these motions. While these motions were pending, Smits secured the note and mortgage from plaintiff on February 13, 2006, "[i]n return for legal fees that [he] owed." Before the mortgage was even recorded, Smits certified on February 16, 2006, that she was plaintiff's counsel. The judge then decided the motion on March 10, 2006.
The time to appeal thereafter expired on April 6, 2006, by operation of Rules 2:4-1 and -3. By virtue of Rule 1:11-3, Smits continuously represented plaintiff from April 22, 2003, until April 6, 2006, when the time to appeal expired and the matter for which she was retained concluded. It is clear that Smits violated Rule 5:3-5(b) when plaintiff executed a mortgage in her favor because her representation of *410 plaintiff had not first been terminated and the matter for which Smits was retained (the divorce) had not yet concluded.

V.
Plaintiff argues that the judge improperly utilized Rule 5:3-5(b) to disqualify Smits. He asserts that Rule 5:3-5(b) was intended to be a protective rule, not one to be used by an adversary to attack a party's attorney-client relationship. Plaintiff points out that Rule 5:3-5(b) is silent as to the disqualification of an attorney as a remedy. According to plaintiff, no controversy existed between plaintiff and Smits, and the judge should have therefore conducted a plenary hearing to determine the issue.[2]
Defendant first argues that disqualification of plaintiff's counsel was an appropriate remedy for violation of Rule 5:3-5(b). Defendant further alleges that Smits violated R.P.C. 1.8(a) because she entered into a business transaction with plaintiff that created a conflict of interest between plaintiff and Smits.[3] According to defendant, the violations of Rule 5:3-5(b) and R.P.C. 1.8(a) not only justified disqualification, but also required disqualification "to maintain the integrity of the proceedings." Defendant also objects to plaintiff's request for a plenary hearing due to the absence of a material factual dispute.
In addition to the prohibition of Rule 5:3-5(b) on the taking of a mortgage from a client in a Family Part action during the period of representation, R.P.C. 1.8(a) provides:
A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:
(1) the transaction and terms in which the lawyer acquires the interests are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner that can be understood by the client;
(2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel of the client's choice concerning the transaction; and
(3) the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.
[R.P.C. 1.8(a).]
Subsection (i) more specifically addresses acquisition of a lien:
A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may (1) acquire a lien granted by law to secure the lawyer's fee or expenses, [and] (2) contract with a client for a reasonable contingent fee in a civil case.
[R.P.C. 1.8(i).]
Neither Rule 5:3-5(b) nor R.P.C. 1.8(a) require disqualification of an attorney where a violation occurs. Additionally, R.P.C. 1.8(a), unlike R.P.C. 1.7 and 1.9, does not contain language barring an attorney from representing a client. Cases involving a violation of R.P.C. 1.8(a) where *411 the attorney of record took a security interest in the property of a client have resulted in invalidation of the transaction. Milo Fields Trust v. Britz, 378 N.J.Super. 137, 154, 874 A.2d 1130 (App.Div.2005) (noting that a violation of R.P.C. 1.8(a), if one had occurred, would have required a voiding of the transaction at issue); Petit-Clair v. Nelson, 344 N.J.Super. 538, 543, 782 A.2d 960 (App.Div.2001) (invalidating a mortgage taken by an attorney from a client where attorney failed to comply with R.P.C. 1.8(a)).
Regarding disqualification as a remedy, New Jersey courts have consistently held that disqualification is a "harsh discretionary remedy which must be used sparingly." Cavallaro v. Jamco Prop. Mgmt., 334 N.J.Super. 557, 572, 760 A.2d 353 (App.Div.2000). In determining whether to disqualify counsel, the court must balance "`the need to maintain the highest standards of the profession' against `a client's right to freely choose his counsel.'" Ibid. (quoting Dewey, supra, 109 N.J. at 218, 536 A.2d 243). The Supreme Court has emphasized that "only in extraordinary cases should a client's right to counsel of his or her choice outweigh the need to maintain the highest standards of the profession." Dewey, supra, 109 N.J. at 220, 536 A.2d 243.
Smits clearly violated Rule 5:3-5(b). However, there is no clear evidence that she also violated R.P.C. 1.8(a) or (i) because plaintiff and Smits both certified that plaintiff was advised to seek independent counsel and he acted upon that advice. There is no showing that the transaction and its terms were unfair or unreasonable or not adequately disclosed. And the execution of the note and mortgage after securing the advice of another attorney surely establishes informed consent.
Although the record might have been better developed in a plenary hearing, there is insufficient evidence here to find a violation of R.P.C. 1.8. Even if there were, Petit-Clair, supra, 344 N.J.Super. at 543, 782 A.2d 960, and Cavallaro, supra, 334 N.J.Super. at 572, 760 A.2d 353, caution against a finding of disqualification. At most, invalidation of the note and mortgage was an available remedy for a violation of R.P.C. 1.8. However, plaintiff seeks no such remedy, and we see no reasonable basis on which defendant would be entitled to same now that the appeal from the Amended JOD has been affirmed in all respects. Van Horn v. Van Horn, No. A-3813-05, 2008 WL 2699824 (App. Div. July 14, 2008).
This leaves only the question of what remedy should there be for a violation of Rule 5:3-5(b) where the attorney took a security interest in the client's property while the action was still pending and the client was represented by the attorney. We have found no case considering the issue. However, it seems to us that the prohibition in Rule 5:3-5(b) should not trigger a more severe sanction than that afforded a violation of R.P.C. 1.8. As a result, we are thoroughly satisfied that disqualification of Smits was unjustified. At most, the Family Part judge should have required the discharge of the mortgage, which she could have ordered even over the objection of plaintiff in order to enforce the rule. We therefore conclude that it was error to disqualify Smits and reverse the order under review. However, we do not remand the matter for the less serious penalty because the action has now been concluded and the evil sought to be prevented no longer exists.
After carefully reviewing the record in the light of the written and oral arguments advanced by the parties, we conclude that the issue presented by defendant with respect *412 to the award of counsel fees for the motion in aid of litigant's rights is without sufficient merit to warrant discussion in this opinion, R. 2:11-3(e)(1)(E), and we affirm substantially for the reasons expressed by the Family Part judge in her written opinion dated June 29, 2007. The findings and conclusions of the judge are supported by substantial, credible evidence in the record. Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 483-84, 323 A.2d 495 (1974).
Affirmed in part and reversed in part.
NOTES
[1] Rule 1:6-3(b) was subsequently amended effective September 1, 2009, "to make clear that non-germane cross-motions are permissible in the Family Part," Pressler, Current N.J. Court Rules, comment 2 on R. 1:6-3 (2010).
[2] Plaintiff also argues that the judge committed plain error by failing to make findings of fact and conclusions of law. This contention has no merit as the judge attached her statement of reasons to the order in question.
[3] The Family Part judge did not find a violation of R.P.C. 1.8.