**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4610-17T1

CHILDREN OF AMERICA, INC.,
and CHILDREN OF AMERICA
(PARSIPPANY), LLC,

      Plaintiffs-Appellants,

and

VISITEL ENTERPRISES, CORP.,

      Plaintiff,

v.

PAVILION PROPERTIES, LLC,
and MICHAEL PUSCHAK,
Individually,

      Defendants-Respondents.

_____

Submitted October 3, 2019 – Decided July 14, 2020

Before Judges Alvarez and Nugent.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-1056-16.

Joseph V. Meyers, attorney for appellants.

LaGrotta Law, LLC, attorneys for respondents (Robyne D. LaGrotta, of counsel and on the brief).

PER CURIAM

This appeal is the latest phase of a longstanding dispute over the terms of a commercial lease. The tenant, Children of America (Parsippany), LLC, and its parent company, Children of America, Inc., (collectively "Children") appeal three orders, which granted the landlord, Pavilion Properties, LLC ("Pavilion"), the relief it sought in an order to show cause. Pavilion sought to compel Children to comply with a lease term and execute a tenant estoppel certificate for the lender with whom Pavilion was attempting to refinance the leased property. Although the parties' previous appeal and cross-appeal from a judgment entered after a contentious bench trial involving different issues (the "first appeal") was pending in the Appellate Division when Pavilion filed the order to show cause, Pavilion filed the show-cause action in the Law Division under the same docket number, without a verified complaint.

On appeal, Children present the following arguments:

> POINT [I]: The Lower Court Erred In Hearing This Order To Show Cause.

> POINT [II]: The Lower Court Erred in Ordering Tenant To Sign The Lender's Form of TEC.

POINT [III]: The Lower Court Erred in Awarding
Damages.

POINT [IV]: The Lower Court Erred in awarding
Counsel Fees.

POINT [V]: The Lower Court Erred in Ordering
Appellant's Counsel to Rescind An
Email and/or Documents.

POINT [VI]: The Lower Court Erred in Ordering
Tenant To Sign The TEC Without The
Addendum.

We dismiss the appeal for three reasons: Children have not made a proper legal argument on one of their points, most of the other points appear to be moot, and the one point that may not be moot involves an issue that was not finally decided and disposed of in the trial court, thus rendering the appeal interlocutory.

Because we are writing this opinion primarily for the benefit of the parties, who are fully familiar with the facts, and because the facts are detailed in the first appeal, Children of Am. Inc. v. Pavilion Props., LLC, No. A-4967-16, (App. Div. Aug. 16, 2019), a short summary of the factual backdrop will suffice. Pavilion owns property in Parsippany on which it constructed the shell of an office building in 2005. Id. (slip op. at 2). In 2007, Pavilion and Children signed a lease. Pavilion was to provide a "turnkey" day care center, including a

3

playground, and obtain the certificate of occupancy. Children were to obtain the state and local approvals to operate the day care center. The "commencement date," which triggered Children's obligation to pay rent and other expenses, was contingent upon events that included an unconditional certificate of occupancy and all state and local approvals needed to operate a day care center on the site. Id. (slip op. at 3-4).

Substantial delays in obtaining municipal approvals—more than four years—and the intervening enactment of the Site Remediation Reform Act (the "Act"), N.J.S.A. 58:10C-1 to -29, precipitated sharp disputes among the parties over the commencement date of the lease, compliance with the lease terms, responsibility for compliance with the Act, and responsibility for the cost of such compliance. The parties filed actions that were consolidated and tried during a three-day bench trial. Id. (slip op. at 10-13). The parties filed an appeal and cross-appeal following the trial court's entry of judgment.

The parties engaged in additional motion practice in the trial court after the appeal and cross-appeal were filed. The first series of motions resulted in the trial court ordering Children to produce specified financial documents required by Pavilion's current or proposed lenders. While the first appeal was still pending, Pavilion filed the order to show cause at issue on this appeal.

4

Pavilion did not file a new complaint; rather, it filed the order to show cause under the same docket number as the action on appeal and supported it with its counsel's certification. Pavilion filed the order to show cause on April 23, 2018.

Pavilion sought to have Children show cause why they should not be compelled to sign an Estoppel Certificate and Subordination, Non Disturbance and Attornment Agreement (the "Estoppel Documents"), pay legal fees, and face sanctions for defying the court's previous orders. Pavilion's counsel averred that she sent Children the Estoppel Documents, which the lease required them to sign. The lease provided:

<u>ESTOPPEL CERTIFICATION</u>

7.02 Tenant or Landlord, as the case may be, upon request and without charge, shall deliver a written instrument to Landlord or Tenant or to any other party designated by Landlord or Tenant, duly executed and acknowledged, certifying:

(1) That this Lease is unmodified and in full force and effect, or if there has been any modification, stating such modification and stating that the same is in full force and effect, as modified;

(2) Whether there are any then known defaults by Landlord or Tenant, as the case may be, hereunder or existing set-offs or defenses against the enforcement of any of the terms, agreements, covenants, conditions, and limitations of this Lease and any modification hereof and if so, specifying the same:

> The dates to which all payments provided for hereunder have been paid; and
>
> Such other matters as may be reasonably requested by Landlord or Tenant of such other party designated by Landlord or Tenant.

Pavilion's counsel certified that the holder of the first mortgage would charge an additional $25,568 if the loan were not paid off by the end of the month.

Children would not sign the documents. Rather, Children's attorney emailed Pavilion's counsel and informed her Children did not "want to sign the Estoppel Letter unless [Pavilion's principal] agrees to repay all the monies owed as per the appeal plus the $28,000 for signage which is approximately $300,000 in total. This can be repaid by reducing the rent $5000 per month for the next [sixty] months. This is their offer."

In response to the order to show cause, Children filed a certification of Children of America, Inc.'s founder, who averred he was also the majority owner of Children of America (Parsippany), LLC. Contradicting the previous email from his attorney, he explained Children could not sign the Estoppel Documents because "the terms contained therein [were] not 100% true and accurate." He contended there was no reference in the Estoppel Documents to the pending appeal or whether Pavilion was in default of any of its obligations. He challenged the accuracy of the following provision of the Estoppel Documents:

6

> That the Lease is not in default on the part of either the Landlord or the Tenant; that there are no circumstances existing which with notice and/or the passage of time would constitute a default by either Landlord or the Tenant thereunder; that the Lease is in full force and effect; that, as of the date hereof, the Tenant is entitled to no credit, offset or deduction in rent; and that there are no defenses, setoffs or counterclaims by the Tenant against the Landlord under the Lease other then [sic] a pending appeal under Docket No. A-004967-16T2.

Children of America, Inc.'s founder further explained in his certification Pavilion was in default of the lease because it had not assumed responsibility, as allegedly required by DEP, to install monitoring devices and to continue to monitor the property for contamination. He averred the reference to the pending appeal was not in the original documents he had been asked to sign and the Estoppel Documents proposed by Pavilion charged Children with the affirmative obligation to notify the lender in the event of a default. This provision was not required by the lease and was unacceptable. Last, he explained that in addition to these issues, "and because the landlord continues to be difficult with our organization, we are considering closing our doors at the end of this school year or in December 2018, unless we are able to prevail on the appeal and re-coup what we believe we are entitled to receive from the landlord."

7

The trial court entered the first of the orders Children challenge on appeal. The court ordered Children to sign and return the Estoppel Documents. The order provided in part:

> 3.    If [Children] fail[] to comply with [this order], they shall be responsible for all costs and expenses of [the first mortgage holder] and [the second mortgage holder] incurred after April 30, 2018 until the loans are paid off due to the failure to provide [the Estoppel Documents] and to comply with prior orders of the Court; and
> . . . .
>
> 5.    [Children] shall pay legal fees to [Pavilion's counsel] for the preparation of this Order to Show Cause and the court appearance today to be determined by certification to be submitted by [Pavilion's counsel.]

Children signed the Estoppel Documents but attached an addendum, which stated:

> 1.    Paragraph 4 of the [Estoppel Certificate] is amended to state that Landlord has failed to obtain a Remedial Action Protectiveness/Bienneial [sic] Certification from the DEP, which was due on June 11, 2017 and is overdue. See copy of notice . . . attached hereto.
>
> 2.    [Children] is in the process of assessing its viability as an entity and may close its doors on November 30, 2018 if the Parsippany, New Jersey center is unable to become profitable.

A-4610-17T1

Pavilion reported the addendum to the court, and on April 30, 2018, three days after issuing the first order, the court issued a second order mandating Children "sign the [Estoppel Documents] as attached . . . without adding any addendum." The court directed Children's counsel to "send an email to [Pavilion's counsel] no later than noon on May 1, 2018, stating that the addendum sent on Friday April 27, 2018 is rescinded." After the trial court denied Children's motion for reconsideration, Children appealed.

On appeal, Children first argue the trial court should not have heard the order to show cause because the matter was on appeal. We reject Children's two-paragraph, conclusory argument, which is devoid of analysis and precedent. Parties to an appeal are required to make a proper argument, "[s]upporting [their] legal argument with appropriate record reference [and providing] the law." State v. Hild, 148 N.J. Super. 294, 296 (App. Div. 1977); see also Sackman v. N.J. Mfrs. Ins. Co., 445 N.J. Super. 278, 297-98 (App. Div. 2016). An argument based on conclusory statements is insufficient to warrant appellate review. Nextel of N.Y., Inc. v. Bd. of Adjustment, 361 N.J. Super. 22, 45 (App. Div. 2003). Children's failure to provide any legal analysis is, without more, a sufficient reason for rejecting their argument. Nonetheless, the argument's conclusory assertion is not necessarily correct.

9

Ordinarily, the filing of an appeal "divests the trial court or agency of jurisdiction to act in the matter under appeal, unless directed to do so by the appellate court." In re Petition of S. Jersey Gas Co., 447 N.J. Super. 459, 474 (App. Div. 2016) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 376 (1995)). However, when a motion filed after the notice of appeal is "functionally equivalent to a new action" and that motion will not "affect, impair or destroy the subject matter of the appeal," the trial court may properly address the motion because it is "collateral to the issues pending on appeal." Van Horn v. Van Horn, 415 N.J. Super. 398, 410-11 (App. Div. 2010). Here, Children acknowledge in their brief that the issues raised by the order to show cause constituted a "cause of action [that] was unrelated" to the issues on appeal. Consequently, it is difficult to discern the basis for Children's conclusory statement, "[t]he [trial] Court erred in hearing the Order to Show Cause which is the subject of this appeal."

In their second, fifth and sixth arguments, Children contend the trial court erred by ordering them to sign the lender's form of Estoppel Documents, and by ordering their counsel to rescind the addendum and execute the Estoppel Documents without the addendum.

10

In its opposition brief, Pavilion represents that the lender who required the Estoppel Documents declined to refinance after receiving the addendum Children's counsel had prepared. Pavilion further represents that some months later, Pavilion found another lender who was willing to refinance. Due to this appeal, Pavilion did not pursue a separate action against Children for refusing to provide the Estoppel Documents as required by the lease. Pavilion intends to pursue that action once this appeal is final. For these reasons, Pavilion takes no position concerning Children's argument that the court erred in ordering its counsel to rescind the addendum. In view of Pavilion's refinancing with another lender, Pavilion considers the issue moot.

Because Pavilion has obtained refinancing, it is no longer in need of Estoppel Documents from Children. Accordingly, we agree with Pavilion these issues are moot, at least with respect to the orders from which Children appealed.

In any event, the appeal is interlocutory. In their third and fourth points, Children argue the court erred by awarding damages and counsel fees. As Pavilion correctly points out, the trial court did not award damages, nor did it enter any damage judgment against Children.

Concerning attorney's fees, Children's discussion of fee shifting misses the mark. Here, the trial court announced that it would award fees, at least in

A-4610-17T1

part, for Children's non-compliance with a previous court order. Courts are authorized to award fees for such non-compliance. R. 4:23-2(b).

Significantly, the court did not enter an order of judgment against Children for counsel fees. Rather, it directed Pavilion's counsel to submit a certification. Pavilion's counsel had yet to do so when Children filed a notice of appeal. Thus, this appeal is interlocutory.

It is settled that "[t]o be appealable without leave granted, the judgment or administrative determination must be final as to all parties and all issues." In re Donohue, 329 N.J. Super. 488, 494-95 (App. Div. 2000) (citing Stigliano v. St. Rose High School, 198 N.J. Super. 520, 523 n. 1 (App. Div. 1984)). An order "is not a final judgment appealable as of right [if] it does not include a final determination of [a party's] application for counsel fees and costs." Gen. Motors Corp. v. City of Linden, 279 N.J. Super. 449, 454 (App. Div. 1995), rev'd on other grounds, 143 N.J. 336 (1996). Because Pavilion's attorney never submitted a certification, and because the court did not enter a final order as to the amount of the fees, all issues as to all parties had not been disposed of by the trial court. The appeal is interlocutory. Children should have filed a motion for leave to appeal or waited until the trial court entered a final order or judgment

as to counsel fees before filing a notice of appeal. <u>In re Donohue</u>, 329 N.J. Super. at 494.

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION