**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3530-20

ALBERT WITTIK,

    Plaintiff-Appellant,

v.

DEBRA WITTIK,

    Defendant-Respondent.

_____

DEBRA WITTIK,

    Third Party Plaintiff,

v.

ANGELA SUSKE, individually,
ANGELA SUSKE as Guardian
for NICHOLAS SUSKE,
NICHOLAS SUSKE, individually,
NINA SUSKE, individually,
and THERESA ANGELO,

    Third-Party Defendants.

_____

Submitted June 8, 2022 – Decided July 5, 2022

Before Judges Gooden Brown and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-0426-12.

Albert Wittik, appellant pro se.

Jeney Law, LLC, attorneys for respondent (Carol A. Jeney, on the brief).

PER CURIAM

In this post-judgment matrimonial matter, pro se plaintiff Albert Wittik appeals from a June 1, 2021 Family Part order. The June 1 order: (1) denied his motion to vacate a September 13, 2019 order, requiring that his motions be reviewed by a judge prior to being accepted for filing; and (2) granted his ex-wife's cross-motion to compel payments for funds owed to her under the parties' 2017 Judgment of Divorce (JOD). We affirm.[1]

We glean these facts from the record. The parties divorced in 2017 after plaintiff's divorce complaint was dismissed with prejudice, default was entered on defendant Debra Wittik's counterclaim seeking equitable distribution and other relief, and a default hearing was conducted which resulted in defendant being awarded $500,000 as her share of equitable distribution and $169,587.50

---

[1] Plaintiff failed to include the September 13, 2019 order in his appendix in contravention of Rule 2:6-1(a)(1).

A-3530-20

in counsel fees.  In the JOD, Heidi Lepp was appointed as trustee in the matter, "to ensure that . . . [d]efendant . . . and [counsel] receive[d] the sums awarded to both under the provisions of th[e JOD]."[2]

After the JOD was entered, plaintiff moved for reconsideration of certain provisions and for a stay of enforcement pending appeal.  In a September 18, 2017 order, plaintiff's motion was denied.  Subsequently, in 2019, plaintiff filed two separate pro se motions – one to vacate the JOD and one for an accounting and return of certain assets.  The judge denied both motions in an August 16, 2019 order, which we affirmed in an unpublished opinion.  See Wittik v. Wittik, No. A-0069-19 (App. Div. Oct. 1, 2020).

Plaintiff continued to engage in extensive post-judgment motion practice. In response to numerous frivolous motions filed by plaintiff, an order was entered on September 13, 2019, providing that all motions from plaintiff "first be reviewed by a Judge of the Superior Court" prior to being "accepted for filing

---

[2]  During the divorce proceedings, defendant had filed a third-party complaint naming Angela Suske, plaintiff's adult daughter from a prior marriage, Suske's children, and plaintiff's mother as third-party defendants, alleging that, among other things, plaintiff's transfer of property to Suske prior to the filing of the divorce complaint was an attempt to prevent defendant from receiving her share of the marital property.  Suske later appealed the adjudication of the third-party complaint, which resulted in an unpublished opinion that has no bearing on this appeal.  See Wittik v. Wittik, No. A-0333-17 (App. Div. Dec. 3, 2018).

by the Clerk of the Court." Plaintiff did not appeal the September 13 order or file a timely motion for reconsideration. See Rule 4:49-2 (permitting a party to file a motion for reconsideration of an order no later than twenty days after the service of the order). Instead, over eighteen months later, on April 15, 2021, plaintiff moved to vacate the September 13 order, asserting it was entered in contravention of caselaw.

Defendant opposed the motion and cross-moved to compel plaintiff to pay her $14,500, to garnish plaintiff's pension, and for counsel fees. In support, defendant submitted certifications prepared by her attorney and a letter from Lepp, the former trustee appointed in the case.[3] Defendant's submissions asserted that plaintiff continued to file frivolous motions, had assets he had hidden during the divorce, and still owed defendant substantial sums under the JOD and other orders. In one certification, defendant's attorney averred that plaintiff's hidden assets were uncovered when plaintiff attempted to purchase a home in March 2020.

In a June 1, 2021 order, the judge denied plaintiff's motion and granted in part defendant's cross-motion, awarding her $14,500 and garnishing plaintiff's

---

[3] The record does not include the Lepp letter and only includes one of defendant's attorney's certifications.

pension.  Defendant's request for counsel fees was denied.  In an accompanying written statement of reasons, the judge determined that plaintiff's motion for reconsideration of the September 13 order was untimely.  Evaluating defendant's application for relief under <u>Rule</u> 4:50-1(b), requiring a showing of "newly discovered evidence,"[4] the judge explained that:

> Plaintiff has not submitted any new evidence that was not available at the time of the original motion, nor has he shown any other reason why the order should be vacat[ed].  Plaintiff's recent conduct and practice of filing numerous motions is the exact type of action that the September 13, 2019 [o]rder was entered to prevent.  Plaintiff lacks credibility and it is burdensome for defendant and others to have to defend against his frivolous motions.

In granting defendant's motion to compel plaintiff to pay $14,500, the judge reasoned plaintiff still owed defendant "significant funds" totaling over $144,552, and "[d]efendant has produced proof that plaintiff has significant liquid assets in spite of his claims that he has little income and no assets."  Specifically, the judge referenced plaintiff's two recent attempts "to purchase a home," where he "paid a deposit of $14,500[], which was returned by the seller."

---

[4] Under <u>Rule</u> 4:50-1(b), a party may obtain relief from an order based on "newly discovered evidence which would probably alter the . . . order and for which by due diligence could not have been discovered in time to move for a new trial under R[ule] 4:49."  An application under <u>Rule</u> 4:50-1(b) must be made "not more than one year" after the entry of the order.  <u>R.</u> 4:50-2.

The judge concluded "[p]laintiff has at least $14,500[] as indicated by the returned check" and ordered defendant to pay plaintiff that amount. The judge also granted defendant's motion to garnish plaintiff's pension because "[p]laintiff continue[d] to act in bad faith and make false statements about his financial situation." The judge added, "[p]laintiff continues to proclaim that he has been wronged by the system and accuses others of stealing from him. It is clear that defendant will never receive any of the monies that are owed to her without ongoing litigation and attorneys['] fees."

In his present appeal from the June 1, 2021 order, plaintiff argues, without elaboration, that the judge "hastily moved the hearing to inhibit the proper and adequate consideration of the original purpose of the [m]otion," and defendant's "cross motion did not respond to . . . [p]laintiff's [m]otion," and therefore should not have been considered. He contends the judge's "order compelling . . . [p]laintiff to pay $14,500 to . . . [d]efendant was granted on hearsay, conjecture, and completely without a modicum of proof." He also argues that the court should not have considered Lepp's letter in opposition to his motion. Further, plaintiff argues the judge had no "legal authority" to "garnish . . . [p]laintiff's pension."

A-3530-20

We first address the procedural issue raised by plaintiff. Rule 1:6-3(b) states, in pertinent part:

> A cross-motion may be filed and served by the responding party together with that party's opposition to the motion and noticed for the same return date only if it relates to the subject matter of the original motion, except in Family Part motions . . . where a cross-motion may seek relief unrelated to that sought in the original motion.

"This paragraph of the rule excludes motions in family actions which are generally governed by R[ule] 5:5-4 and makes it clear that non-germane cross motions are permissible in the Family Part." Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 1:6-3(b) (2022); see also Van Horn v. Van Horn, 415 N.J. Super. 398, 409 (App. Div. 2010) (finding "no error" in the Family Part judge's relaxation of the rule and consideration of defendant's cross-motion notwithstanding the fact that it "did not specifically relate to the subject matter of the original motion" where plaintiff failed to demonstrate "any prejudice to his ability to defend the cross-motion"). Here, as authorized under the rule, the judge properly considered defendant's cross-motion to enforce litigant's rights, even though it did not specifically relate to the subject matter of plaintiff's original motion.

A motion to enforce litigant's right is governed by Rule 1:10-3. "Rule 1:10-3 provides a 'means for securing relief and allow[s] for judicial discretion in fashioning relief to litigants when a party does not comply with a judgment or order.'" N. Jersey Media Grp., Inc. v. State Office of the Governor, 451 N.J. Super. 282, 296 (App. Div. 2017) (alteration in original) (quoting In re N.J.A.C. 5:96, 221 N.J. 1, 17-18 (2015)). We review an order entered under Rule 1:10-3 under an abuse of discretion standard, id. at 299, and we accord "great deference to discretionary decisions of Family Part judges," Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012), in recognition "of the family courts' special jurisdiction and expertise in family matters," Cesare v. Cesare, 154 N.J. 394, 413 (1998).

Likewise, "[a] trial court's determination under [Rule 4:50-1] warrants substantial deference and should not be reversed unless it results in a clear abuse of discretion." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Ibid. (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any

special deference." <u>Hitesman v. Bridgeway, Inc.</u>, 218 N.J. 8, 26 (2014) (quoting <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995)).

Applying these principles, we find no abuse of discretion in the judge's decision to deny plaintiff's motion to vacate the September 13 order. As the judge pointed out, the motion was time barred and lacked substantive merit. Moreover, "once an abuse of the system is identified," a litigant's filings may be required to undergo the kind of scrutiny encompassed in the September 13 order. <u>Rosenblum v. Borough of Closter</u>, 333 N.J. Super. 385, 394 (App. Div. 2000). As was the case here, such an order may be "directed to one 'whose history of repetitious and frivolous filings indicates a clear intent to abuse the courts' and . . . can require 'only that a litigant refrain from filing a repetitious claim or a claim that the [litigant] knows to be frivolous.'" <u>Ibid.</u> (quoting <u>Abdul-Akbar v. Watson</u>, 901 F.2d 329, 334 (3d Cir.1990)).

Similarly, we find no abuse of discretion in the judge's decision to grant defendant's cross-motion to enforce litigant's rights. We conclude that plaintiff's arguments are without sufficient merit to warrant discussion in a written opinion, <u>R.</u> 2:11-3(e)(1)(E), and affirm substantially for the reasons stated in the judge's cogent statement of reasons.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION