BOROUGH OF BROOKLAWN, PLAINTIFF-APPELLANT, v. BROOKLAWN HOUSING CORPORATION, MICHAEL R. GROSS AND WILLIAM OKIN, DEFENDANTS-RESPONDENTS.

Argued October 19, 1939—Decided January 25, 1940.

For the plaintiff-appellant, *A. Moulton McNutt.*

For the defendants-respondents, *Louis B. LeDuc* and *Ralph W. Wescott.*

The opinion of the court was delivered by

WELLS, J. This is an appeal by plaintiff, borough of Brooklawn, hereinafter called the borough, from a judgment of nonsuit entered in the Supreme Court, Camden Circuit, in favor of the defendants, Brooklawn Housing Corporation, hereinafter called the Corporation, Michael R. Gross and William Okin.

On November 4th, 1931, the Corporation entered into a contract with the United States of America, represented by the United States Shipping Board, hereinafter called the Board, whereby it agreed to purchase certain properties, and bonds and mortgages covering certain other properties, all located in the borough of Brooklawn. On August 16th, 1932, the first contract having been partially performed, the same parties entered into another agreement reaffirming the first contract and extending the time for completion of performance. To this second contract, which forms the subject-matter of this action, there was annexed a guarantee of performance given by the defendants Gross and Okin, who were the president and treasurer, respectively, of the corporation.

The borough was not a party to either of these contracts. However, the Corporation, as a part of its agreement of purchase, guaranteed the payment to the borough of "any and all taxes, assessments for public improvements, and water service or water rent charges, with interest, penalties and costs and any and all charges thereon, now assessed, levied or charged against the properties covered by the bonds and mortgages described * * * or which may be assessed, levied or charged against the same at any time prior to the delivery of the assignment or assignments of such a bond or bonds and a mortgage or mortgages * * *." In addition to this and other provisions of the contract it was agreed that "all rights of action for any breach of such contract by the party of the second part are reserved to the United States."

The rest of the contract having been performed, on Sep-

tember 10th, 1936, the corporation took assignments of mortgages covering six unimproved lots. These lots had been assessed by the borough for taxes and other municipal liens but the same were not collected during the time that the properties or mortgages thereon were owned by the United States or its representative, the board. One of these lots were sold at a tax sale held on September 9th, 1931, and the others were sold at a tax sale held on December 12th, 1937, the purchaser in each instance being the borough.

After taking title to the mortgages, the Corporation did not pay to the borough the taxes and assessments on these six lots which, with interest, amounted to $14,621.58. As a consequence, the borough brought this action under the contract between the board and Corporation seeking to recover the amount of taxes, &c., from the Corporation and from Gross and Okin as guarantors.

At the time of trial the borough proved the contract, the assignment of the mortgages, and the amount of municipal liens which were due on the properties concerned. Thereupon a motion for nonsuit was made on behalf of the defendants, and such motion was granted on the following grounds: (1) that the borough was not a party entitled to bring action under the contract between the board and the Corporation; (2) that there could be no recovery against the guarantors if there was no recovery against their principal; and (3) that the borough must resort to the statutory method for collection of taxes. It is from the judgment entered upon the granting of such nonsuit that this appeal is taken.

The borough contends that it is a third party beneficiary to the contract between the board and the Corporation, Gross and Okin; and that as such a beneficiary it is entitled to sue for the revenue lost by reason of the breach of the covenant guaranteeing payment of taxes, assessments and other municipal liens. Reliance is placed upon the provision of *R. S.* 1937, 2:26-3.6, which states: "A person for whose benefit a contract is made, either simple or sealed, may sue thereon in any court and may use such contract as a matter of defense in any action against him although the consideration of the contract did not move from him." This statutory

enactment, having first appeared in chapter 207, *Pamph. L.* 1898, under title "An act to regulate the practice of courts of law," and again in 1902 in chapter 251, *Pamph. L.* 1902, under title "An act concerning contracts," and then embodied in the Practice act of 1903 (*Pamph. L.* 1903, *p.* 541, § 28), is merely declaratory of the previously existing rules established by numerous decisions, except that it extended such rules to cover contracts under seal. *Holt* v. *United Security Life Insurance and Trust Co.,* 76 *N. J. L.* 585; 72 *Atl. Rep.* 301.

Third party beneficiaries are generally classified as donee, creditor and incidental. The real purpose of this classification is to distinguish between the beneficiary who has a right of action under the contract, and the one who has not. Thus, the incidental beneficiary might profit from the performance of the contract, but he cannot enforce such performance by legal action.

This distinction between the rights of various third party beneficiaries has been definitely recognized by this court. In the case of *Styles* v. *F. R. Long Co.,* 70 *N. J. L.* 301; 57 *Atl. Rep.* 448, it is stated: "The only effect of the decisions and the statute is that privity of contract is not requisite in order to maintain the action, and the consideration need not move from the person for whom the contract is made. Neither the cases above cited nor the statute go so far as to permit a suit upon contract to be maintained by persons with whom the defendant never meant to enter into contractual relations. It is not enough that the plaintiff may be benefited by the performance of the contract. He can only maintain the action when the contract is made for him." Similarly, in the case of *Knapp* v. *Heidritter Lumber Co.,* 99 *N. J. Eq.* 381, this court, citing cases, said: "From these cases, it seems quite clear that the rule is well settled that before one not privy to a contract can maintain an action upon it, it must appear that the contract was made for his benefit and so intended."

The determining factor as to the rights of a third party beneficiary is the intention of the parties who actually made the contract. They are the persons who agree upon the promises, the covenants, the guarantees; they are the persons

who create the rights and obligations which flow from the contract. The statute merely provides a means of legal procedure when once it has been determined who has an actionable right under the agreement. Thus, the real test is whether the contracting parties intended that a third party should receive a benefit which might be enforced in the courts; and the fact that such a benefit exists, or that the third party is named, is merely evidence of this intention.

In the present case, there can be no doubt that the borough, specifically named in the contract, would benefit by the payment of the municipal liens which were charged against the properties in question. However, the contracting parties further agreed that "all rights of action for any breach of such contract by the party of the second part (the Corporation) are reserved to the United States." It is obvious that this contract conferred a benefit upon the borough; but it is just as obvious that the contracting parties intended that that benefit should not create an actionable right.

The defendants-respondents have indicated certain reasons why the payment of taxes was beneficial to the United States and its representatives, the board. These reasons seem plausible and are interesting from the standpoint of motive, but they are assumptions and not part of the evidence. We are concerned only with the intentions of the contracting parties, and any expression of motive is unnecessary to strengthen a definite contractual provision that the United States was the only party to whom a right of action would accrue upon a breach of the contract by the Corporation. We think that the borough secured no right of action under this contract, but they have in nowise lost the statutory rights granted to all municipalities for the collection of taxes regularly assessed.

Since the borough had no right of action against the Corporation, it had no right of action against the other defendants, Gross and Okin, who were merely guarantors.

The reasons stated above are dispositive of the case, and obviate any necessity of discussing the further reason given by the trial court in granting the motion for nonsuit. The judgment of the court below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ.  15.

*For reversal*—None.