ESSEX COUNTY WELFARE BOARD, RESPONDENT, v. DE-
PARTMENT OF INSTITUTIONS AND AGENCIES AND
SONDRA ENGLE, APPELLANTS.

ESSEX COUNTY WELFARE BOARD, RESPONDENTS, v. DE-
PARTMENT OF INSTITUTIONS AND AGENCIES AND
IRENE STOWERS, APPELLANTS.

ESSEX COUNTY WELFARE BOARD, RESPONDENTS, v. DE-
PARTMENT OF INSTITUTIONS AND AGENCIES AND
ANN GRIECO, APPELLANTS.

IN THE MATTER OF THE ESSEX COUNTY WELFARE
BOARD (LOUISE BROWN)

CAMDEN COUNTY WELFARE BOARD, RESPONDENT, v.
LINDA PERAZZELLI AND DEPARTMENT OF INSTITU-
TIONS AND AGENCIES, APPELLANTS.

CAMDEN COUNTY WELFARE BOARD, RESPONDENT, v.
DEPARTMENT OF INSTITUTIONS AND AGENCIES AND
ARLENE GIBSON, APPELLANTS.

Argued November 1, 1977—Decided January 5, 1978.

Mr. *Richard M. Hluchan,* Deputy Attorney General, argued the cause for appellant Department of Institutions and Agencies (*Mr. William F. Hyland,* Attorney General of New

Jersey, attorney; *Mr. Stephen Skillman,* Assistant Attorney General, of counsel).

*Mr. Allen Zaks,* of the Rutgers Legal Aid Clinic, argued the cause for appellants Irene Stowers and Sondra Engle (*Mr. Zaks* and *Mr. Larry K. Lesnick,* attorneys).

*Mr. Frank A. De Monsi* argued the cause for respondent Camden County Welfare Board.

*Ms. Susan J. Barone* and *Mr. Joseph P. Brennan, Jr.* argued the cause for respondent Essex County Welfare Board (*Mr. William J. Tamburri,* attorney).

The opinion of the court was delivered by

Sullivan, J. The single issue in the six cases before us is whether county welfare boards whose rulings have been modified or reversed by fair hearing decisions of the New Jersey Department of Institutions and Agencies, Division of Public Welfare, rendered in favor of welfare applicants or recipients, have a right to judicial review of such decisions. For reasons hereinafter set forth, we hold that county welfare boards may not have such judicial review.

Four of the cases involve the Essex County Welfare Board, The other two are Camden County Welfare Board matters. In each case the Welfare Board in administering the program of Aid to Families with Dependent Children (AFDC), 42 *U. S. C. A.* § 601 *et seq.; N. J. S. A.* 44:10-1 *et seq.,* rendered a decision adverse to the welfare applicant or recipient. The welfare client then exercised the right to a fair hearing before the Division of Public Welfare as to eligibility or grant entitlement. Following such hearing, the Director of the Division of Public Welfare rendered a final decision finding in favor of the welfare client and reversing or modifying the county welfare board's determination.

The county welfare boards filed separate notices of appeal to the Appellate Division seeking judicial review of the fair hearing decisions.[1] One of the appeals was dismissed by the Appellate Division for lack of prosecution. The local board then moved to vacate the dismissal and to reinstate the appeal. At the same time the Attorney General, on behalf of the Department of Institutions and Agencies, Division of Public Welfare, moved to dismiss the other five appeals on the ground that a local welfare board did not have the right to appeal a fair hearing decision of the Division.[2] The Attorney General also opposed the motion to reinstate the appeal basically for the same reasons set forth in the motions to dismiss.

The Appellate Division, after hearing oral argument on the motions, held that a county welfare board had standing to prosecute an appeal from a fair hearing decision of the Division. Its opinion denying the motions to dismiss and granting the motion to reinstate is reported at 147 *N. J. Super.* 546 (App. Div. 1977). This Court granted the Attorney General's motions to appeal the Appellate Division ruling. We also granted motions by welfare clients Stowers and Engle to appeal in their cases. 74 *N. J.* 256 (1977). We reverse.

The AFDC program was established by the Congress of the United States. 42 *U. S. C. A.* § 601 *et seq.* No state is required to participate in AFDC but those which elect to do so, and which seek to share in federal funding, must comply fully with federal law and regulations. New Jersey has

---

[1] In two of the appeals, Stowers and Engle, the Essex County Welfare Board applied for and was granted stays of the Division's decisions, thus precluding, for the duration of the appeals, the payment of a retroactive welfare benefit in one case and consideration of a welfare application in the other.

[2] Stowers and Engle, the two welfare clients whose fair hearing decisions had been stayed, joined in the Attorney General's motions in their cases.

elected to participate in the program, *N. J. S. A.* 44:10-1 *et seq.*, and receives a substantial share of administrative expenses and 50% of the amount of AFDC grants from the federal government. Thirty-seven point five per cent (37.5%) of the grant money is provided by the State with the balance of 12.5% being required to be raised by the particular county. *N. J. S. A.* 44:10-5.

The federal AFDC law requires that a State plan provide for the establishment or designation of "a single State agency" to administer the program. 42 *U. S. C. A.* § 602 (a)(3). Although subordinate local agencies may be created or designated to carry out the AFDC program, such agencies "must not have authority to review, change or disapprove any administrative decision of the single State agency, or otherwise substitute their judgment for that of the agency as to the application of policies, rules and regulations promulgated by the State agency." 45 *C.F.R.* § 205.100(b).

In New Jersey the single State agency designated to administer the AFDC program is the Department of Institutions and Agencies (now Department of Human Services), Division of Public Welfare. *N. J. S. A.* 44:10-2; 44:10-3. County welfare boards, by statutory provision, actually administer the program at the local level subject to the supervision of the Department which has adopted general policies, rules and regulations for carrying out the purposes of the program. See *N. J. A. C.* 10:81-1.1 *et seq.; Redding v. Burlington Cty. Welf. Bd.*, 65 *N. J.* 439, 442 (1974).

The Appellate Division held that the right of a county welfare board to appeal a fair hearing decision by its superior in the AFDC hierarchy existed for two reasons. First, it found in the *New Jersey Constitution* (1947), Art. VI, § V, par. 4 as implemented by *R.* 2:2–3(a)(2), review as of right of final decisions of state agencies by an action in lieu of final prerogative writs. Second, it held that since counties must provide 12.5% of AFDC grant money, county welfare boards have a financial interest directly related to

the public interest thereby giving them sufficient standing to seek judicial review. 147 *N. J. Super, supra* at 553–554.

 The proposition that a fair hearing decision by the Division is subject to judicial review is not open to question. Standing to obtain judicial review, however, is something else. Certainly a welfare client aggrieved by a fair hearing decision would have the right to judicial review pursuant to *R.* 2:2–3(a)(2). So too would the governing body of the particular county since it provides a substantial part of the AFDC grant money.

 The county welfare board though, in administering the AFDC program, is a subordinate branch of the single State agency and has no standing as such to have judicial review of fair hearing decisions by its superior agency. In its capacity as local administrator, it exercises a statutory function in the overall program. It has no other interest to assert.

Moreover, the nature of the AFDC program militates against permitting the local agency to have judicial review of fair hearing decisions favorable to a welfare client. The people involved are needy and poor. They live from day-to-day dependent on AFDC grants. To involve the judiciary in the routine review of these grants and the underlying factual determinations would cause delay and uncertainty, preventing those who need help the most from realizing the benefits the program is intended to provide.

In a basically similar type of case the Supreme Court of New York barred judicial review to a local welfare office, saying this:

> The welfare application and appeal process is an intra-agency process that moves from initial intake to final determination by the State Commissioner pursuant to unified and prescribed procedures fixed by a federal and state statutory scheme — augmented by the regulations promulgated thereunder by the State Commissioner as head of the State Department of Social Services. Within this intra-agency structure, non-compliance with the State Commissioner's adverse Fair Hearing decisions does not raise the local welfare official to the status of an aggrieved party sufficient to permit access

to the courts. To hold otherwise would thrust the courts into a morass of administrative decision-making. As succinctly stated by Mr. Justice Molinari in *Smythe*, supra, "* * * the Broome County Commissioner of Social Services, as a subordinate officer in an administrative agency, may not properly seek judicial review of his immediate supervisors decision." *Reed v. New York State Dept. of Social Services*, 78 *Misc.* 2d 266, 354 *N. Y. S.* 2d 389, 394 (Sup. Ct. 1974).

On balance, we conclude that the legislative intent as expressed in the Federal and State enactments, does not allow for an appeal by a local welfare board from a fair hearing decision by the Division which modifies or reverses a ruling of the local board. The public interest in having these matters fairly decided and the program properly administered is amply protected by the safeguards and checks built into the joint federal-state operation. And, of course, the right of the governing body of a county to appeal a fair hearing decision in an appropriate case remains.

The appeals herein are hereby dismissed.

*For reversal*—Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—7.

*For affirmance*—None.