815 A.2d 993 (2003)
357 N.J. Super. 454
Leonard STRULOWITZ, O.D. and Leonard Strulowitz, O.D., P.A., Plaintiffs-Appellants, and
Jodi Brudno, O.D., Plaintiff,
v.
PROVIDENT LIFE AND CASUALTY INSURANCE COMPANY, Defendant-Respondent, and
Union Central Life Insurance Company, Unum Life Insurance Company of America, Mutual Benefit Life Insurance Company and/or its successors in interest, Paul Revere Life Insurance Company, Harvey Geller, Scott Small, and Larry Strulowitz, Defendants.
Superior Court of New Jersey, Appellate Division.
Argued January 22, 2003.
Decided February 10, 2003.
*994 H. Curtis Meanor, Newark, argued the cause for appellants (Podvey, Sachs, Meanor, Catenacci, Hildner & Cocoziello, attorneys; Mr. Meanor, of counsel and with Lisa J. Trembly, on the brief).
Louis P. DiGiaimo, argued the cause for respondent (Del Mauro, DiGiaimo & Knepper, attorneys; Steven P. Del Mauro, of counsel, Morristowm and with Robert P. Lesko, on the brief, Newark).
Before Judges PRESSLER, CIANCIA and HOENS.
The opinion of the court was delivered by CIANCIA, J.A.D.
The gravamen of this appeal is a dispute over insurance coverage. On cross-motions for summary judgment, the trial court concluded essentially that plaintiff Leonard Strulowitz did not have standing to seek enforcement of the policy issued by defendant Provident Life and Casualty Insurance Company (Provident). In so doing, the court focused on the well known tenets often applied to the interpretation of insurance contracts. It did not, but should have, considered the law of standing as an element of justiciability. N.J. Citizen Action v. Riviera Motel, 296 N.J.Super. 402, 411, 686 A.2d 1265 (App. Div.1997). Viewed from that perspective, we believe it to be clear that Strulowitz is a real party in interest who should be allowed to litigate his claim. R. 4:26-1.
At all relevant times, Strulowitz was an optometrist and sole shareholder of Leonard Strulowitz, O.D., P.A. (the Association). Dr. Jodi Brudno was an optometrist employed by the Association.
In May 1990 Strulowitz applied to Provident for a business buy-out expense disability insurance policy. The policy issued on October 3, 1990, although it was effective retroactive to August 1, 1990. As we understand it, this type of policy is a variation of "key-man" insurance.[1] In simple terms, the carrier agrees to pay a designated sum to a payee when the insured becomes disabled in order to facilitate the buy-out of the insured from the business by the payee. In the present instance, Strulowitz was the insured and paid the premiums on the policy. Brudno was designated as the payee in apparent anticipation of the buy-out agreement that *995 she entered into with Strulowitz after the policy issued. Although the Association would typically be designated the owner of such a policy, for reasons not entirely clear Brudno was so designated.
On August 24, 1990, before the policy issued, Strulowitz wrote to Catherine M. Phillips, CLU, an executive brokerage consultant with Provident, and asked several questions about the policy. By letter of October 15, 1990, Phillips responded, stating in part:
In the event of total disability, the benefits of this policy are paid as reimbursement to an individual or entity for the purchase of your ownership interest (stock) in Leonard Strulowotz [sic], P.A. As stated in the application, Dr. Jodi Brudno is the loss payee. However, this may be changed at any time, by requesting the change in a letter under your signature.
It is not necessary for Provident Life to see the agreement until the claim is made. No approval of this agreement is necessary, as Provident is not a party to this agreement. The agreement is between you and Dr. Brudno, or whomever else may be named at a later point. The agreement may be changed at any time prior to disability, subject to approval by the parties to the agreement. At time of claim our company pays the benefits of this policy based on the most recent signed and dated Buy-Sell Agreement for Leonard Strulowitz, P.A.
A buy-sell agreement between Strulowitz and the Association on one hand, and Brudno on the other hand, was executed on November 1, 1991. It is a nineteen page document which, in part, states that Strulowitz will cause the Association to purchase insurance to help fund the purchase of Strulowitz's stock shares in the Association should he become disabled. The agreement also provided that the Association, referred to as the Corporation, "shall be the sole owner of the policy and the beneficiary of the policy will be Dr. Brudno." The proceeds of the policy were to be paid to a trustee and then used toward the purchase of stock from Strulowitz. As part of the agreement, Brudno agreed to buy all of the stock in the Association for a specified sum in excess of $1,500,000. The buy-sell agreement was binding on the parties for three years.
On April 30, 1993, while the buy-sell agreement was still in effect, Strulowitz made a claim under the policy asserting he was disabled. For reasons we need not now detail, the claim was denied and Strulowitz initiated suit in January 1995. Brudno was named as a plaintiff, although the circumstances concerning how she became a party to the suit are disputed. Provident answered and subsequently counterclaimed against all plaintiffs, including Brudno. The counterclaim in part alleged insurance fraud and sought damages, fees, and expenses pursuant to N.J.S.A. 17:33A-7. At the urging of Provident, Brudno in 1999 withdrew from the litigation, settled with Provident, and terminated the buy-sell agreement. As part of that settlement, Provident's counterclaim against Brudno was dismissed. Thereafter, Provident filed a summary judgment motion alleging that only Brudno had the right to seek benefits under the policy, and that neither Strulowitz nor the Association had standing to do so. Provident also asserted Brudno had "voluntarily rescinded the policy" effective January 31, 1999. Provident alleged other grounds as a basis for summary judgment, but we need not address them in light of the trial court's disposition on the standing issue.
The trial court characterized Provident's summary judgment motion as seeking dismissal of the complaint "primarily on the issues that relate to Dr. Strulowitz's role *996 and lack of standing to sue for benefits directly to him under the policy." The court went on to find that the insurance policy "is a contract between Provident and Brudno. And although Dr. Strulowitz is a named insured, he is not a party. And this court finds he has no claim or authority with respect to the rights or obligations therein under the facts of this case." Toward the end of the opinion the court stated, "[s]o, in summary, I'm satisfied that because Dr. Brudno is the policy owner and the loss payee, she alone had the rightly [sic] authority to affect that policy and to receive proceeds under it."
As previously indicated, R. 4:26-1 permits an action to be prosecuted by the real party in interest. Our courts have liberally construed this provision. See Triffin v. Somerset Valley Bank, 343 N.J.Super. 73, 80-81, 777 A.2d 993 (App. Div.2001). Indeed, it has been said that "[t]he New Jersey cases have historically taken a much more liberal approach on the issue of standing than have the federal cases." Crescent Park Tenants Ass'n v. Realty Equities Corp. of N.Y., 58 N.J. 98, 101, 275 A.2d 433 (1971). A sufficient stake in the matter and a genuine adverseness are the basic requirements of standing. N.J. Chamber of Commerce v. N.J. Elec. Law Enforcement Comm'n, 82 N.J. 57, 67, 411 A.2d 168 (1980). A party need show only a "substantial likelihood" that he or she will experience "some harm" in the event of an unfavorable decision. In re the Adoption of Baby T., 160 N.J. 332, 340, 734 A.2d 304 (1999). A financial interest in the outcome ordinarily is sufficient to confer standing. See In re Camden County, 170 N.J. 439, 448, 790 A.2d 158 (2002); Essex County Welfare Bd. v. Dep't of Insts. & Agencies, 75 N.J. 232, 236-237, 381 A.2d 349, cert. denied, 437 U.S. 910, 98 S.Ct. 3103, 57 L.Ed.2d 1141 (1978); Assocs. Commercial Corp. v. Langston, 236 N.J.Super. 236, 242, 565 A.2d 702 (App. Div.) certif. denied, 118 N.J. 229, 570 A.2d 981 (1989).
Under these tests, plaintiff unquestionably had standing to assert this action against defendant. His financial interest in the matter is indisputable. He purchased the policy and each year paid an annual premium of almost $11,000. Although he is not the payee, the purpose of the policy is to finance the buy-out of Strulowitz's interest in the business. The correspondence from Phillips indicates Strulowitz had the discretion to change the payee. Clearly, he was confronted with the prospect of serious financial harm based on defendant's refusal to pay the benefits under the policy.
Alternatively, plaintiff has a claim as a third-party beneficiary of the agreement. The test is "whether the contracting parties intended that a third party should receive a benefit which might be enforced in the courts...." Rieder Communities, Inc. v. N. Brunswick, 227 N.J.Super. 214, 222, 546 A.2d 563 (App. Div.), certif. denied, 113 N.J. 638, 552 A.2d 164 (1988) (quoting Brooklawn v. Brooklawn Housing Corp., 124 N.J.L. 73, 77, 11 A.2d 83 (E. & A.1940)); see also N.J.S.A. 2A:15-2 ("a person for whose benefit a contract is made ... may sue thereon in any court ..."). Although not every incidental benefit flowing from a contract will be sufficient to render a person a third-party beneficiary, here, the benefit to Strulowitz is well beyond incidental. He was not designated as the owner[2] or payee of the policy but he sought the policy, paid *997 for the policy, was the insured under the policy, and would be the ultimate recipient of the policy's funds after they passed through Brudno's hands or, perhaps, the hands of someone else who bought the business. It was clearly foreseeable that Strulowitz would be damaged in the event Provident did not carry out its duty of good faith and fair dealing. See Sons of Thunder, Inc. v. Borden, Inc., 148 N.J. 396, 420, 690 A.2d 575 (1997); Sears Mortgage Corp. v. Rose, 134 N.J. 326, 347, 634 A.2d 74 (1993).
As we have said, the trial court analyzed the standing question in terms of traditional insurance contract law. Within that analysis the trial court, in our view, did not sufficiently consider the expectations of the insured and the circumstances under which the policy was written. An insurance policy should be construed to fulfill the parties' objectively reasonable expectations. Werner Indus. v. First State Ins. Co., 112 N.J. 30, 35, 548 A.2d 188 (1988). The court, instead, relied on the literal language of the policy. Our case law has had occasion to point out that literal interpretations of insurance contracts can lead to incorrect and inequitable results. Doto v. Russo, 140 N.J. 544, 556-557, 659 A.2d 1371 (1995); see Harr v. Allstate Ins. Co., 54 N.J. 287, 306-307, 255 A.2d 208 (1969).
Beyond the standing question were numerous factual issues asserted on both sides. For example, plaintiff contends that Provident negligently or fraudulently induced Strulowitz and the Association to enter into the policy and then breached its duty of good faith and fair dealing. Provident, in turn, contends that Strulowitz was not disabled and, by way of counterclaim for rescission, that Strulowitz made fraudulent misrepresentations on the policy application.
In light of the test for summary judgment set out in Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 540, 666 A.2d 146 (1995), and the reluctance of courts to decide fraud claims on summary judgment, see, e.g., Shebar v. Sanyo Bus. Sys. Corp., 111 N.J. 276, 292, 544 A.2d 377 (1988), we see little basis for resolution of the present litigation on motions for summary judgment.
For the reasons stated, summary judgment in favor of Provident is reversed. The matter is remanded for further proceedings consistent with this opinion.
NOTES
[1] "Key-man" insurance reimburses an employer upon the death of a key employee. The policy is usually applied for and owned by the employer and the employer is the beneficiary. Mitzner v. Lights 18 Inc., 282 N.J.Super. 355, 359, 660 A.2d 512 (App.Div. 1994).
[2] On remand, Strulowitz may seek reformation of the policy to designate himself or the Association as "owner."