NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1266-15T4

MITCHELL HAFTELL, by his
subrogee, THE CUMBERLAND
INSURANCE GROUP,

 Plaintiff-Appellant,

v.

STEVEN L. BUSCH and ELIZABETH
BUSCH,

 Defendants-Respondents.

________________________________

 Submitted December 19, 2016 – Decided March 22, 2017

 Before Judges Nugent and Haas.

 On appeal from Superior Court of New Jersey,
 Law Division, Camden County, Docket No. L-
 1070-15.

 Kearns & Duffy, P.C., attorneys for appellants
 (Paul R. Duffy, on the brief).

 LeClairRyan, attorneys for respondents (Todd
 A. Rossman, on the brief).

PER CURIAM

 This is an insurance subrogation action. Plaintiff, The

Cumberland Insurance Group (Cumberland), as subrogee of its
insured, Mitchell Haftell, appeals from an order denying

reconsideration of the trial court's grant of summary judgment to

defendants Steven L. Busch and Elizabeth Busch. We reverse and

remand for further proceedings.

 These are the facts developed on the summary judgment motion

record, viewed most favorably to Cumberland, the non-moving party.

R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J.

520, 540 (1995). Cumberland's subrogation claim arose out of an

October 24, 2014 fire at a three-story apartment complex in

Voorhees Township known as the Club at Main Street Apartments.

Cumberland's insured, Haftell, leased an apartment in the complex.

Defendant Elizabeth Busch leased an apartment in the same complex.

She lived there with her family, including her husband, defendant

Steven Busch. According to the Camden County Fire Marshall's

report, Steven Busch caused the October 24, 2014 fire by carelessly

discarding a cigarette on the balcony of the Busch apartment.

 Cumberland paid Haftell's claim for property damage caused

by the fire and then filed a subrogation complaint on March 19,

2015. Defendants filed an answer on June 8, 2015. One month

later, on July 9, 2015, defendants filed a motion for summary

judgment. No discovery had been completed. Defendants based

their motion solely on a provision in a section of Haftell's lease

 2 A-1266-15T4
entitled "Insurance." The Insurance clause stated, in pertinent

part:

 The Tenant agrees to be solely
 responsible for all loss or damage to Tenant
 or their property or to any other person who
 may be situated in the Apartment during the
 term of this Agreement . . . including any
 loss by water, fire, or theft in and about the
 Apartment; gross negligence of Landlord, its
 servants, agents or employees excepted. . . .
 Tenant agrees to procure and to maintain
 content and liability insurance as described
 on Liability and Contents and Contents
 Insurance Requirements Addendum. . . . Nothing
 contained herein shall be construed to
 supersede the common law rights of the
 parties. . . .

 Regardless of anything stated in this
 Lease, Tenant releases Landlord from any
 injury, loss or damage to personal property
 or persons from any cause. Landlord shall
 only be responsible for any acts caused by
 negligence of its employees, servants or
 agents. Tenant waives any right of
 subrogation by Tenant or any insurance
 company, which covers Tenant. Subrogation is
 the right to be repaid for any payments made
 by Tenant or Tenant's insurance for injury,
 loss or damage to personal property or
 persons. Landlord requires tenant to produce
 proof of insurance . . . .

 [(Emphasis added).]

 Relying on the underlined sentence, defendants argued they

were entitled to the benefit of the subrogation waiver. In an

oral opinion, the motion judge agreed, granted defendants' summary

judgment motion, and dismissed the complaint with prejudice.

 3 A-1266-15T4
Thereafter, the judge denied Cumberland's motion for

reconsideration. This appeal followed.

 On appeal, Cumberland argues the motion judge erred when he

barred its claim against defendants, non-signatories to Haftell's

lease, based on the subrogation waiver in Haftell's lease.

Cumberland also claims the motion judge confused condominium

ownership and Haftell's tenancy, thereby overlooking legal

principles concerning adhesion contracts and disfavored

exculpatory clauses.

 Defendants counter that longstanding precedent permits a

party to waive subrogation rights, and the insurer of a party who

has waived subrogation rights cannot recover if the insured cannot

recover. Defendants quote the subrogation sentence in Haftell's

lease — out of its context — and assert "[i]t is not limited in

any way, shape, or form and the word 'any' must be construed to

include owners, landlords, and tenants. Stated differently, Mr.

Haftell has no rights to subrogation whatsoever."

 We "review the grant of summary judgment 'in accordance with

the same standard as the motion judge.'" Globe Motor Co. v.

Igdalev, 225 N.J. 469, 479 (2016) (citations omitted). Under that

standard, summary judgment is appropriate "if the pleadings,

depositions, answers to interrogatories and admissions on file,

together with the affidavits, if any, show that there is no genuine

 4 A-1266-15T4
issue as to any material fact challenged and that the moving party

is entitled to judgment . . . as a matter of law." R. 4:46-2(c);

Bhagat v. Bhagat, 217 N.J. 22, 38 (2014). A motion judge's

determination that a party is entitled to summary judgment as a

matter of law is "not entitled to any special deference[,]" and

subject to de novo review. Manalapan Realty, L.P. v. Twp. Comm.

of Manalapan, 140 N.J. 366, 378 (1995) (citations omitted).

 When a motion involves the interpretation of a contract, the

motion presents what "is ordinarily a legal question for the court

and may be decided on summary judgment unless 'there is

uncertainty, ambiguity or the need for parol evidence in aid of

interpretation. . . .'" Celanese Ltd. v. Essex Cty. Improvement

Auth., 404 N.J. Super. 514, 528 (App. Div. 2009) (citation

omitted). Because the interpretation of a contract generally

presents a legal issue, appellate courts owe "no special deference"

to a trial court's interpretation. Manahawkin Convalescent v.

O'Neill, 217 N.J. 99, 115 (2014) (quoting Kieffer v. Best Buy, 205

N.J. 213, 223 (2011)).

 A motion for reconsideration is addressed to the "sound

discretion of the [c]ourt to be exercised in the interests of

justice." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div.

1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch.

 5 A-1266-15T4
Div. 1990)). Thus, we review a motion judge's denial of

reconsideration under an abuse-of-discretion standard. Ibid.

 We begin our analysis by reviewing fundamental principles of

contract law generally, and leases specifically. A "lease is a

contract between [the lessor and lessee] which sets forth their

rights and obligations to each other in connection with [the

lessor's] temporary grant of possession of its property to [the

lessee]." Town of Kearny v. Disc. City of Old Bridge, Inc., 205

N.J. 386, 411 (2011) (emphasis added) (citing Maglies v. Estate

of Guy, 193 N.J. 108, 143 (2007)). Generally, unless the parties

to a contract "intend[] that a third party should receive a benefit

which might be enforced in the courts[,]" a non-party having no

privity of contract has no cause of action based on the contract.

Rieder Cmtys., Inc. v. Twp. of N. Brunswick, 227 N.J. Super. 214,

222 (App. Div.) (citations omitted), certif. denied, 113 N.J. 638

(1988).

 Conversely, "third-party beneficiaries may sue upon a

contract made for their benefit without privity of contract." Id.

at 221-22 (citing Houdaille Constr. Materials, Inc. v. Am. Tel. &

Tel. Co., 166 N.J. Super. 172, 184-85 (Law Div. 1979)). "The

standard applied by courts in determining third-party beneficiary

status is 'whether the contracting parties intended that a third

party should receive a benefit which might be enforced in the

 6 A-1266-15T4
courts[.]'" Id. at 222 (quoting Brooklawn v. Brooklawn Hous.

Corp., 124 N.J.L. 73, 77 (E. & A. 1940)); see also Ross v. Lowitz,

222 N.J. 494, 513 (2015) (quoting Broadway Maint. Corp. v. Rutgers,

90 N.J. 253, 259 (1982)) ("When a court determines the existence

of 'third-party beneficiary' status, the inquiry 'focuses on

whether the parties to the contract intended others to benefit

from the existence of the contract, or whether the benefit so

derived arises merely as an unintended incident of the

agreement'").

 In the case before us, the contractual waiver of subrogation

clause is contained in a lease between Haftell and the landlord.

Defendants are not parties to that contract. Thus, the threshold

inquiry is not whether the waiver of subrogation clause is

generally enforceable, but rather whether the parties to the lease,

Haftell and the landlord, "'intended others to benefit from the

existence of the contract[.]'" Ross, supra, 222 N.J. at 513

(citation omitted). Nothing in the lease suggests they did.

Moreover, because defendants' summary judgment motion was decided

before the parties had undertaken discovery, there is no competent

evidence on the motion record from which anything can be inferred

about Haftell and his landlord's intent.

 We discern from the transcript of oral argument and from the

motion judge's sparse opinion that the judge found controlling our

 7 A-1266-15T4
decision in Skulskie v. Ceponis, 404 N.J. Super. 510 (App. Div.

2009). Skulskie is distinguishable from the case before us.

Skulskie involved a waiver of a subrogation provision in a

homeowner's insurance policy, not a waiver of a subrogation

provision in a lease. Id. at 511. The homeowner's residence was

a condominium unit, not a leased apartment. Ibid. Upholding the

insurance policy's waiver of subrogation clause, we explained:

 In light of the overall purpose of the
 waiver of subrogation provision in any
 insurance policy obtained by the unit owner,
 we discern no basis to allow the insurance
 carrier of the damaged unit owner to proceed
 against another unit owner, even an uninsured
 unit owner. The scheme created by this
 residential condominium community
 contemplated no litigation between unit owners
 or between unit owners and the Association.
 The optional nature of the insurance scheme
 does not alter the purpose of the waiver of
 subrogation provision. Moreover, the
 insurance carrier that issues insurance to any
 unit owner with a waiver of subrogation
 provision has no expectation that it will be
 able to pursue a claim against a negligent
 unit owner. Stated differently, when an
 insurer . . . issues a policy, it does so with
 the understanding that it has no recourse
 against a negligent unit owner.

 [Id. at 514.]

 Unlike Skulskie, here we can discern no "scheme" created by

either the landlord or the residential community. Perhaps one

exists, but if it does, it is not apparent from the summary

 8 A-1266-15T4
judgment motion record. The motion judge granted summary judgment

before the parties could develop the issue through discovery.

 Additionally, unlike Skulskie, here there is no evidence

Cumberland's policy contained a waiver of subrogation.

Consequently, we cannot conclude Cumberland knew it would be unable

to pursue a subrogation claim against a negligent tenant.

 Defendants' argument — essentially, that Haftell waived

subrogation against all tortfeasors — is devoid of merit. It

overlooks the issues of privity and whether defendants are third-

party beneficiaries of Haftell's lease. Defendants' argument, if

accepted, would hypothetically bar Cumberland from subrogating

against a resident from another state who, while visiting New

Jersey, becomes inebriated and crashes a car into Haftell's

apartment complex, igniting a fire resulting in the destruction

of Haftell's personal belongings. Nothing in Haftell's lease

suggests such a strained interpretation of the waiver-of-

subrogation clause.

 In addition, defendants have constructed their argument by

taking a single sentence in the lease out of context, disregarding

the fundamental principle of contract interpretation that

contracts must be considered in their entirety. See Cumberland

Cty. Imp. Auth. v. GSP Recycling Co., 358 N.J. Super. 484, 497

(App. Div.) (citation omitted) (noting a contract "must be read

 9 A-1266-15T4
as a whole, in 'accord with justice and common sense'"), certif.

denied, 177 N.J. 222 (2003).

 For the foregoing reasons, we conclude the motion judge

erroneously granted defendants' summary judgment motion and

misapplied his discretion in denying Cumberland's motion for

reconsideration. Although the interpretation of the subrogation

waiver in Haftell's lease might well present a purely legal issue,

the parties should be provided an opportunity to present their

positions on the need for discovery and presentation of parol

evidence. For that reason, we reverse and remand this matter for

further proceedings consistent with this opinion.

 Reversed and remanded. We do not retain jurisdiction.

 10 A-1266-15T4