**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1160-20

ESTHER WAFULA,

     Plaintiff-Respondent,

v.

ARTECH INFORMATION
SYSTEMS, LLC,

     Defendant,

and

SANDOZ, INC.,

     Defendant-Appellant.

_____

Submitted November 9, 2021 – Decided April 1, 2022

Before Judges DeAlmeida and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-4457-18.

Ogletree, Deakins, Nash, Smoak & Stewart, PC, attorneys for appellant (Peter O. Hughes and Michael J. Riccobono, on the briefs).

O'Connor, Parsons, Lane & Noble, LLC, attorneys for respondent (Gregory B. Noble, of counsel and on the brief; R. Daniel Bause, on the brief).

PER CURIAM

Defendant Sandoz, Inc. (Sandoz) appeals from the November 13, 2020 order of the Law Division denying its motion to dismiss plaintiff Esther Wafula's claims under the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49, and to compel arbitration of those claims. Because the trial court's findings of fact and conclusions of law are insufficient to permit appellate review, we are constrained to remand the matter for further proceedings.

I.

Defendant Artech Information Systems, LLC (Artech) is a staffing agency. Sandoz, a division of Novartis Group, manufactures generic pharmaceuticals and biosimilars. The two entities are not related, do not share parents or subsidiaries, and do not have common ownership. Sandoz is a client of Artech.

In 2017, Artech hired Wafula. She signed an employment agreement with Artech in which she agreed to work for Artech's "Client," as that term is defined in the contract, as a clinical trials assistant. Wafula alleges that she was hired

by Artech to work for Sandoz.  The contract provides that Wafula "acknowledges and agrees that he/she is not an employee of any Client . . . ."

The employment agreement contains an arbitration provision.  The clause, which refers to Wafula as "Employee," provides, in relevant part:

> ARBITRATION.  Except for monetary claims of $5,000.00 or less, Employee explicitly agrees that any dispute in any matter related to Employee's employment with ARTECH, which the parties are unable to resolve through direct discussion, regardless of the kind or type of dispute (excluding claims for unemployment insurance, worker's compensation, or any matter within the jurisdiction of the Labor Commissioner), shall be exclusively subject to final and binding arbitration . . . .  Employee agrees to submit all such disputes in writing, specifically requesting arbitration, to ARTECH within one year of termination of Employee's employment with ARTECH.

Shortly after hiring Wafula, Artech assigned her to work at Sandoz. Wafula was terminated in October 2017.

In 2018, Wafula filed a complaint in the Law Division against Artech and Sandoz.  She alleged the defendants engaged in pregnancy, disability, and perceived disability discrimination in violation of the LAD when they terminated her soon after learning she was pregnant.

Defendants moved to dismiss the complaint and compel arbitration of Wafula's claims.  They relied on the arbitration provision of the employment

3

agreement between Artech and Wafula. Sandoz argued that although it is not a party to the employment agreement it is a third-party beneficiary of the arbitration clause and is entitled to compel arbitration of Wafula's claims. Wafula opposed the motion.

At the conclusion of oral argument, the trial court reserved decision on the motion. The court informed counsel that it would issue either a written or oral decision shortly. On November 13, 2020, the trial court issued an order granting Artech's motion, dismissing Wafula's claims against that entity, and compelling her to submit those claims to arbitration. With respect to Sandoz's motion, the entirety of the trial court's decision was "the [m]otion as to [d]efendant Sandoz is DENIED substantially for the reasons set forth in [p]laintiff's opposition papers as to the ability of a non-party to compel arbitration under the specific facts of this matter."

This appeal follows. Sandoz argues that

> the plain language of the agreement and the circumstances surrounding [p]laintiff's execution of same, and the strong public policy of New Jersey favoring arbitration, all support a finding that Sandoz is a third-party beneficiary of the agreement and entitled to enforce the arbitration provision. Any other result would unnecessarily duplicate the proceedings, force the parties to try this matter in two different forums, and potentially lead to inconsistent results.

4

Sandoz bases its arguments on: (1) various provisions of the employment agreement that vest in Sandoz significant control over "virtually every aspect of" Wafula's assignment; (2) Wafula's knowledge that the arbitration provision would apply to claims she might raise against Sandoz; (3) the intent of both parties to the contract to give Sandoz the benefit of the arbitration provision; and (4) waiver, in that Wafula should be precluded from arguing Sandoz is not a third-party beneficiary of the contract because she effectively alleged in her complaint that Artech and Sandoz were her joint employers. In addition, Sandoz argues that public policy militates in favor of finding that Sandoz is a third-party beneficiary of the contract to avoid piecemeal litigation.

II.

It is well-established that a court must apply state contract principles to determine whether a valid agreement to arbitrate exists. Hojnowski v. Vans Skate Park, 187 N.J. 323, 341-42 (2006). As our Supreme Court explained when deciding the enforceability of an arbitration provision, "'traditional principles' of state law allow a contract to be enforced by or against nonparties to the contract through 'assumption, piercing the corporate veil, alter ego, incorporation by reference, third[-]party beneficiary theories, waiver and estoppel.'" Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 188 (2013) (internal

quotation marks omitted) (quoting Arthur Andersen LLP v. Carlisle, 566 U.S. 624, 631 (2009)).  It is under the third-party beneficiary theory that Sandoz claims it is entitled to compel arbitration of Wafula's claims.

"The standard applied by courts in determining third-party beneficiary status is 'whether the contracting parties intended that a third party should receive a benefit which might be enforced in the courts . . . .'"  Reider Cmtys., Inc. v. Twp. of N. Brunswick, 227 N.J. Super. 214, 222 (App. Div. 1988) (quoting Brooklawn v. Brooklawn Hous. Corp., 124 N.J.L. 73, 77 (E. & A. 1940)).  "[T]he intention of contracting parties to benefit an unnamed third party must be garnered from an examination of the contract and a consideration of the circumstances attendant to its execution."  Id. at 222.  "The principle that determines the existence of a third[-]party beneficiary status focuses on whether the parties to the contract intended others to benefit from the existence of the contract, or whether the benefit so derived arises merely as an unintended incident of the agreement."  Broadway Maint. Corp. v. Rutgers, The State Univ., 90 N.J. 253, 259 (1982) (footnote omitted).

These are the facts and legal standards the trial court was to apply in deciding Sandoz's motion.  Rule 1:7-4(a) states that a trial court "shall, by an opinion or memorandum decision, either written or oral, find the facts and state

its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right . . . ." "[A]ny order either compelling arbitration . . . or denying arbitration shall . . . be deemed a final judgment of the court for appeal purposes." R. 2:2-3(a). A final judgment is appealable as of right. R. 2:2-3(a)(1).

"The rule requires specific findings of fact and conclusions of law . . . ." Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:7-4 (2022). "[A]n articulation of reasons is essential to the fair resolution of a case." Schwarz v. Schwarz, 328 N.J. Super. 275, 282 (App. Div. 2000). Effective appellate review of a trial court's decision requires examination of the findings of fact and conclusions of law on which the trial court relied. See Raspantini v. Arocho, 364 N.J. Super. 528, 533-34 (App. Div. 2003).

While a trial court's explicit reliance on the arguments made by a party as the basis for denying a motion might suffice as the court's decision on a motion for which Rule 1:7-4 does not require findings of fact and conclusions of law, Vartenissian v. Food Haulers, Inc., 193 N.J. Super. 603, 611-13 (App. Div. 1984), this practice is not "preferable," id. at 612, and this court "should not be forced to examine the moving papers and attempt to glean the judge's reasons" for denial of a motion. Ibid. Where the order is appealable as of right or requires

findings of fact, the need for a clear record of the trial court's decision is more pronounced. "[N]either the parties nor we are well-served by an opinion devoid of analysis or citation to even a single case." Great Atl. & Pac. Tea Co., Inc. v. Checcio, 335 N.J. Super. 495, 498 (App. Div. 2000).

The determination of whether a party is a third-party beneficiary of a contract involves consideration of a number of factors, including the intent of the parties to the contract, the circumstances surrounding its execution, and the meaning of its provisions. A trial court's evaluation of these factors requires factfinding. In addition, Sandoz raised public policy considerations and argued that Wafula waived her argument by alleging that Artech and Sandoz were her joint employers. The complexity of the issues raised requires written findings of fact and conclusions of law to permit effective appellate review.

The matter is remanded to permit the trial court to issue written findings of fact and conclusions of law on Sandoz's motion to dismiss Wafula's claims and compel her to submit those claims to arbitration. The remand proceedings shall be completed in thirty days. We retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1160-20