**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1528-24

STEPHANIE PORTER,
Individually and On Behalf of
All Others Similarly Situated,

 Plaintiff-Respondent,

v.

AUTOBAY LLC and
MAURICE RACHED,

 Defendants-Appellants,

and

UNITED AUTO
CREDIT CORPORATION,

 Defendant.

_____

   Argued October 1, 2025 – Decided March 26, 2026

   Before Judges Currier and Jablonski.

   On appeal from the Superior Court of New Jersey,
   Law Division, Gloucester County, Docket No.
   L-0994-24.

Brian R. Griffin argued the cause for appellants (O'Toole Scrivo, LLC, attorneys; Kyle Vellutato, Deena M. Crimaldi and Brian R. Griffin, of counsel and on the briefs).

Lewis G. Adler argued the cause for respondent (Lewis G. Adler and Perlman-Depetris Consumer Law LLC, attorneys; Lewis G. Adler and Lee M. Perlman, of counsel; Paul DePetris, of counsel and on the brief).

PER CURIAM

Defendants Autobay LLC ("Autobay") and Maurice Rached ("Rached") appeal from a January 13, 2025 order denying their motion to dismiss plaintiff Stephanie Porter's complaint and to compel arbitration. We affirm.

I.

Plaintiff purchased a pre-owned 2011 Chevrolet Camaro from Autobay. To complete the transaction, she executed several documents, including a Buyer's Order, a Retail Installment Contract and Security Agreement ("RICS"), and a Vehicle Service Contract ("VSC").

The Buyer's Order served as the primary contract between Autobay and plaintiff and outlined the material terms of the sale—such as the vehicle's purchase price, administrative fees, costs of any "additional items," and the remaining balance due. The Buyer's Order also declared that the entire agreement between the parties was contained within that contract, stating

explicitly: "There are no unwritten agreements regarding this Contract." Importantly, and specifically pertinent to this appeal, the agreement did not include an arbitration clause, and the box next to the statement reading "[a] separate Arbitration Agreement is a part of this contract" was unchecked.

The RICS addressed the terms of plaintiff's financing of the vehicle's purchase. In its "Additional Protections" section, plaintiff was informed that she had the option to purchase voluntary protection plans, including a service contract and gap waiver or coverage. The RICS emphasized that these plans were not required to obtain credit, were not factors in the credit decision, and would not affect the terms of credit or the sale itself. These protections would only be provided if plaintiff agreed to pay the additional cost and signed accordingly. The RICS also did not contain an arbitration clause.

The VSC provides additional service coverage for certain listed components of the vehicle. The VSC was designated as a "Service Contract and is separate and distinct from any product or service warranty which may be provided by the manufacturer, importer, or SELLING DEALER, and does not extend the term of any original product or service warranty that the manufacturer, importer, or SELLING DEALER may have provided." (emphasis in original). The contract identified the parties to the sale, with

3

Autobay referenced once as the seller in the recitals section. The VSC primarily outlined the obligations between Protective Administrative Services, Inc., identified as the "Obligor," and the purchaser (plaintiff). Under this agreement, rights and responsibilities were specifically limited to the Service Contract Holder (plaintiff) and the Obligor.

Although pre-printed language appears at the top of the VSC indicating the coverage must be purchased at the time of the vehicle sale, this language appears immediately below the signature line:

> Purchase of this [VSC] is not required in order to purchase or finance a motor vehicle.

The VSC also contains an arbitration provision and "limits certain of YOUR rights including YOUR right to obtain relief or damages through court action." (emphasis in original). It states:

> READ THE FOLLOWING ARIBITRATION PROVISION ("PROVISION") CAREFULLY. IT LIMITS CERTAIN OF YOUR RIGHTS, INCLUDING YOUR RIGHT TO GO TO COURT. THIS PROVISION DOES NOT APPLY TO A COVERED BORROWER. THIS PROVISION DOES NOT APPLY TO A COVERED BORROWER AS DEFINED BY FEDERAL MILITARY ENDING ACT REGULATIONS.
>
> Except for matters that may be taken to small claims court or as otherwise provided in this [VSC], any controversy or CLAIM arising out of or relating to it,

A-1528-24

or to its breach shall be settled by binding arbitration administered by the American Arbitration Association (the "AAA") in accordance with the rules and provisions of its appropriate dispute resolution program then in effect. Judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction to enter such judgment. YOU and WE acknowledge that this [VSC] evidences a transaction involving interstate commerce. The Federal Arbitration Act will govern the interpretation, enforcement, and proceedings pursuant to this [VSC]'s arbitration provisions.

In no event will YOU have the right to file or participate in a class action or any other collective proceeding against us. Only a court, and not arbitrators, can determine the validity of this class action waiver.

Subject to the preceding paragraph, YOU and WE consent to have arbitration under this [VSC] joined with any other arbitration between YOU, on the one hand, and us, our agent, our administrator and/or the insurer backing our obligations under this [VSC], on the other hand, to the extent the disputes are related and joinder is reasonably feasible. The combined arbitration will be governed by this [VSC]'s arbitration provisions unless that is not practical. In that case, it will be governed by the other arbitration provisions.

If the AAA is not available to administer this [VSC]'s arbitration, WE will select another generally recognized arbitration administrator, reasonable acceptable to YOU. The arbitration will be under that administrator's rules, subject to any contrary provisions of this [VSC].

. . . .

5

A-1528-24

[4]. . . a CLAIM determination under this [VSC], YOU must initiate arbitration or, when applicable, a court proceeding within sixty (60) calendar days following the determination. If YOU have exercised YOUR right to seek satisfaction from an insurer backing our obligations under the [VSC], the sixty (60) days will be measured from the insurer's determination. YOUR failure to meet this requirement will deny YOU the right to dispute the determination. In no event may arbitration or a court proceeding arising out of or relating to this [VSC], or to its breach, be brought more than two (2) years after this [VSC] has expired.

5. The PROVISIONS will survive the termination of this [VSC] and apply to cover any controversy, CLAIM, or dispute YOU may have with an insurer backing OUR obligations under this [VSC].

If this [VSC] is found not to be subject to arbitration, any legal proceeding with respect to a dispute will be tried before a judge in a court of competent jurisdiction. YOU and WE waive the right to a jury trial in any such proceeding.

[Emphasis in original.]

After plaintiff purchased the car, she experienced immediate mechanical problems. Plaintiff took the car to a Chevrolet dealership for further inspection. Its evaluation revealed numerous issues that required extensive work to rehabilitate the car at substantial expense.

A-1528-24

Plaintiff filed an eleven-count putative class action lawsuit alleging, among other things, Autobay violated her rights under the Truth-In-Consumer Contract, Warranty And Notice Act, N.J.S.A. 56:12-14 to −18; the Uniform Commercial Code, N.J.S.A. 12A:1-101 to -12-26; the Consumer Fraud Act, N.J.S.A. 56:8-1 to -233; the Used Car Lemon Law, N.J.S.A. 56:8-67 to -80; the New Jersey Motor Vehicle Advertising Practices Regulations, N.J.A.C. 13:45A-26A.1 to -26A.10; the Motor Vehicle Information and Cost Savings Act, 49 U.S.C. § 32701; the Service Contracts Act, N.J.S.A. 56:12-87 to -96; the Automotive Repair Regulations, N.J.S.A. 13:45A-26C.1 to -26C.2; and the Motor Vehicle Inspection Law, N.J.S.A. 39:10-26 to -30. Notably, the complaint did not name any service contract businesses as defendants.

Defendants moved to dismiss the complaint and to compel arbitration. In a written opinion, the motion judge denied their application, concluding that plaintiff never consented to arbitration and, consequently, the purported compulsory provision to submit it to this alternative dispute resolution was not enforceable. The motion judge expressly rejected defendants' "unconvincing" argument that the arbitration provision in the VSC should also apply to two additional documents since all were signed at the same time and, therefore, ought to be treated as a single, comprehensive sales document:

Each of the three . . . documents possesses its own headings that include the parties' names, as well as a definition section, and label the provisions from "1." This indicates that each agreement, each having its own signatures from the parties are all separate agreements. Although [d]efendant Autobay may have been the party that handed over the Service Contract, that is not indicative that [d]efendant Autobay is part of that contract. Rather from the plain reading of the contract, it is clear that [d]efendant Autobay was not part of the service contract. Nor is there anything in the agreements showing an express intent to incorporate all of each other's terms into the other agreements.

Defendants appealed.

## II.

Defendants' threshold argument is that the Buyer's Order, the RISC, and the VSC "collectively constitute one, integrated contract" and, therefore, the VSC's arbitration provision in the VSC requires the suit against Autobay be resolved through arbitration rather than in Superior Court. We disagree.

The enforceability of an arbitration agreement is a question of law which we review de novo. Skuse v. Pfizer, Inc., 244 N.J. 30, 46 (2020). "Similarly, the issue of whether parties have agreed to arbitrate is a question of law that is reviewed de novo." Jaworski v. Ernst & Young U.S. LLP, 441 N.J. Super. 464, 472 (App. Div. 2015). The Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"), and the New Jersey Arbitration Act, N.J.S.A. 2A:23B-1 to -36, both

express a general policy favoring arbitration "as a means of settling disputes that otherwise would be litigated in court." Bataldi v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 556 (2015). Under both the FAA and New Jersey law, arbitration is fundamentally a matter of contract. Rent-A-Center W., Inc. v. Jackson, 561 U.S. 63, 67 (2010); NAACP of Camden Cnty. E. v. Foulke Mgmt. Corp., 421 N.J. Super. 404, 424 (App. Div. 2011).

Whether multiple documents constitute a single integrated contract depends on the intent of the parties as expressed in their agreement. Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn, 410 N.J. Super. 510, 533 (App. Div. 2009). There are two requirements for a proper and enforceable incorporation by reference of a separate document into a contract: (1) the separate document must be described in such terms that its identity may be ascertained beyond doubt, and (2) the party to be bound by the terms must have knowledge of and assent to the incorporated terms. Ibid. (quoting 4 Williston on Contracts § 30:25 (Lord ed. 1999)).

In this case, by the plain terms of the VSC, the mutual assent necessary to compel arbitration was lacking between plaintiff and defendants, because only plaintiff and Protective Administrative Services, Inc. were parties to the agreement containing the arbitration clause. Furthermore, the Buyer's Order

expressly states that the entire agreement is contained within its four corners, and there is no indication of a separate arbitration agreement, as the relevant box remains unchecked. Given this express language and specific circumstances, the VSC cannot be considered interwoven with the other documents related to the vehicle purchase. Additionally, although the VSC had to be purchased at the same time as the vehicle, it was specifically described as separate and independent from the vehicle purchase, with no contractual provision making the VSC a condition of the sale. Accordingly, we conclude that the documents were not so interrelated as to constitute a single unified agreement.

### III.

Further, we agree with the motion judge's conclusion that plaintiff is not bound to the arbitration clause because Autobay is not a third-party beneficiary of the VSC despite the fact that Autobay might, if certain conditions were present, receive a consequent benefit under that agreement.

Under Section Three of the VSC, titled "How to Obtain Repairs," "if a [vehicle] is within sixty [] miles of the SELLING DEALER, [the owner] must deliver the [car] to the SELLING DEALER at the address shown on the DECLARATIONS PAGE of [the VSC]." The owner must pay a deductible per

A-1528-24

repair visit, and the obligor must reimburse either the repair facility or the owner for any covered repair services less the deductible. Autobay is designated as the "Selling Dealer" under the VSC. As a result, plaintiff might confer a benefit to Autobay under the VSC, namely the opportunity to perform covered repairs on the car and receive payment for them. We do not find that the possibility of receiving a benefit under the VSC establishes an agency relationship sufficient to render the defendants' third-party beneficiaries to the agreement, nor does it subject them to the arbitration clause contained within the VSC contract.

"An agency relationship is created when one person (a principal) manifests assent to another person (an agent) and that agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents to so act." N.J. Lawyers' Fund for Client Prot. v. Stewart Title Guar. Co., 203 N.J. 208, 220 (2010) (internal citation omitted). "[A]rbitration may be compelled by a non-signatory to a contract on the basis of agency principles." Hirsch v. Amper Fin. Servs., L.L.C., 215 N.J. 174, 192 (2013). The scope of an agent's authority is limited to the actual, implied, and apparent authority it had been granted. See Gayles v. Sky Zone Trampoline Park, 468 N.J. Super. 17, 27 (App. Div. 2021) (noting that an agent may only

11

bind their principal for such acts that are within their actual or apparent authority). When deciding the enforceability of an arbitration provision, "traditional principles of state law allow a contract to be enforced by or against nonparties to the contract through assumption, piercing the corporate veil, alter ego, incorporation by reference, third[-]party beneficiary theories, waiver and estoppel." Hirsch, 215 N.J. at 188 (2013) (internal emphasis omitted) (quoting Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 631 (2009)). The standard applied by courts in determining third[-]party beneficiary status is "whether the contracting parties intended that a third[-]party should receive a benefit which might be enforced in the courts . . . ." Reider Cmtys., Inc. v. Twp. of N. Brunswick, 227 N.J. Super. 214, 222 (App. Div. 1988) (quoting Brooklawn v. Brooklawn Hous. Corp., 124 N.J.L. 73, 77 (E & A 1940)). "[T]he intention of contracting parties to unnamed third[-]party must be garnered from an examination of the contract and a consideration of the circumstances attendant to its execution." Ibid.

The VSC does not expressly appoint Autobay as its agent, nor does it confer to Autobay any affirmative or specific benefit. Rather, Autobay as the Selling Dealer only serves as a conduit to facilitate repairs under the contract. This is in contrast to receiving a direct and calculable benefit from the VSC.

We acknowledge that Autobay may become involved under certain predicate conditions, limited solely to the physical location of the vehicle when a triggering event occurs. However, aside from listing the obligations of defendants under the agreement, the record does not indicate any specific benefit defendants are intended to receive should these conditions be met.

Although defendants contend that they have responsibilities under the VSC—such as accepting returns of covered vehicles, reporting incorrect information, inspecting vehicles prior to repairs, and accepting cancellation requests that affect the effective date and refund date—these obligations are tangential to the primary purpose of the VSC. The obligor functions merely as one component of the overall services provided to the policy holder, rather than as a party intended to directly benefit from the agreement. See Broadway Maint. Corp. v. Rutgers State Univ., 90 N.J. 253, 259 (1982).

To the extent we have not specifically addressed any other contentions raised by defendants, we determine they lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1528-24