293 N.J. Super. 310 (1996)
680 A.2d 790
P & M ENTERPRISES, PLAINTIFF-RESPONDENT,
v.
RONALD MURRAY AND NANCY MURRAY, DEFENDANTS/THIRD-PARTY PLAINTIFFS-APPELLANTS,
v.
JOSEPH P. PERFILIO AND THOMAS M. MARQUET, INDIVIDUALLY AND T/A PERFILIO AND MARQUET, COUNSELLORS AT LAW, THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 23, 1996.
Decided August 16, 1996.
*311 Before Judges PRESSLER and A.A. RODRIGUEZ.
Harmon H. Lookhoff, argued the cause for appellants.
*312 George N. Pappas, argued the cause for respondent.
The opinion of the court was delivered by RODRIGUEZ, A.A., J.A.D.
A loan by an attorney to a client is presumptively invalid. Davanne Realty Co. v. Brune, 67 N.J. Super. 500, 171 A.2d 97 (App.Div. 1961). In this appeal, we hold that unless the presumption is overcome, the loan obligation is unenforceable from its inception, and the attorney is entitled only to the return of the principal and the cost of the money lent.
Joseph P. Perfilio and Thomas M. Marquet are attorneys who practice under the name Perfilio and Marquet, Counselors at Law. They are the sole partners of P & M Enterprises (P & M), a partnership organized for the purpose of managing real estate. For several years Ronald and Nancy Murray were clients of Perfilio and Marquet. The Murrays owned an older building in Jersey City which was rehabilitated and converted to the sale of condominium units. Perfilio and Marquet did extensive legal work for the Murrays in connection with this project.
The Murrays encountered financial difficulties and decided to borrow $125,000 from P & M. The short-term loan was secured by a second mortgage on the building and carried 16.5 percent per annum interest. The loan closed on October 3, 1988. At the time, the Murrays were still being represented by Perfilio and Marquet. The note provided for interest-only payments until the maturity date, July 3, 1989. The Murrays were unable to pay the principal due on maturity and P & M extended the term. In November 1989, the Murrays made a $48,000 partial payment towards principal thus reducing the balance to $77,000. The Murrays were granted several extensions, however their financial difficulties persisted. There were months when the Murrays were unable to pay even the interest payments and late charges accrued.
On July 3, 1994, the maturity date pursuant to the last extension, P & M elected to demand full payment of the unpaid *313 principal, interest, late charges, costs of collection, and reasonable attorney's fees. The Murrays did not meet this demand and P & M filed suit. The Murrays answered and counterclaimed asserting that the loan was invalid and unenforceable because Perfilio and Marquet were their lawyers and the sole partners of P & M. The Murrays filed a third-party complaint against Perfilio and Marquet alleging legal malpractice.
P & M moved for summary judgment. For purposes of the motion it was assumed that the loan was made by Perfilio and Marquet instead of P & M. The judge found that,
Even under close scrutiny, there is nothing to suggest that the [Murrays] were not mature, competent, sophisticated individuals. Though not independently represented in the loan transaction, there is no suggestion that any advantage was taken of them.... There is nothing in the facts before the court to suggest that the transaction is in anyway unconscionable.
The judge acknowledged that an attorney cannot be allowed to make profit on a business transaction at the expense of his client. Davanne Realty Co. v. Brune, 67 N.J. Super. 500, 171 A.2d 97 (App.Div. 1961). The judge determined that the only profit P & M made from the transaction was the interest paid by the Murrays. However, the judge concluded that not all interest is profit because, "there is a cost to [P & M] for the use of the money which it advanced to [the Murrays]." The judge decided that the court should leave the parties where it found them as of the time that the Murrays asserted the invalidity of the loan. Therefore, the judge permitted all interest and late charges paid up to that time to be retained by P & M, and ordered the entry of a judgment for the unpaid principal plus the cost of the money.
The Murrays appeal contending, (1) the loan was void ab initio as a matter of law, (2) if summary judgment is proper it should be for the principal amount due after deduction all payments already made, (3) the judge erred by treating the loan as a fully valid and enforceable agreement up to the time they refused to make further payments, and (4) there was no adequate legal and factual basis for the summary judgment.
*314 A transaction between a lawyer and client is presumptively invalid. See In re Blake's Will, 21 N.J. 50, 120 A.2d 745 (1956). A lawyer may overcome the presumption by "only the clearest and most convincing evidence showing full and complete disclosure of all facts known to the attorney and absolute independence of action on the part of the client." In re Gavel, 22 N.J. 248, 262, 125 A.2d 696 (1956). The attorney must show the fairness and equity of the transaction, and lack of overreaching or taking advantage under the circumstances. In re Wolk, 82 N.J. 326, 333, 413 A.2d 317 (1980). A lawyer must make sure that the client understands that the lawyer's ability to give undivided loyalty may be affected and must explain carefully, clearly, and cogently why independent legal advice is required. Ibid.
P & M, Perfilio and Marquet have not conceded that the transaction with the Murrays is invalid. They are not precluded from making a showing that the presumption of invalidity should be overcome. If the presumption is not overcome, Perfilio and Marquet are not entitled to make any profit at the expense of their clients. Therefore, all payments made to P & M, whether designated as principal, interest, or late charges should be considered a reduction of the principal. We agree with the judge that profit does not include the cost of the money to P & M. The cost of money must be added to the unpaid principal.
We reject the Murrays' argument that because if transaction is void and unenforceable they are not obligated to even return the principal to P & M. Such a harsh remedy was expressly rejected in Davanne, supra, 67 N.J. Super. at 508-09, 171 A.2d 97. We therefore remand this matter to the Law Division for an evidentiary hearing to determine if the presumption of invalidity of the loan is overcome. If the presumption is overcome, the judge shall enter a judgment for the amount of the unpaid principal, accrued interest, and late fees. If the presumption is not overcome, the judge shall determine the amount of the cost of the money to P & M, add it to the original amount of the loan, and deduct all payments made by the Murrays. The net amount shall *315 be reduced to judgment. In either case, the judgment shall bear post-judgment interest pursuant to R. 4:42-11(a).
Reversed and remanded.