# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
DELMAR L. HARDY, BAR NO. 1172.

No. 74060

**FILED**

JUL 19 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF PUBLIC REPRIMAND

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that attorney Delmar L. Hardy receive a public reprimand for violating RPC 1.8(a) (conflict of interest: current clients) and RPC 5.1 (responsibilities of partners, managers, and supervisory lawyers).

The State Bar has the burden of demonstrating by clear and convincing evidence that Hardy committed the violation charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus, will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). In contrast, we review de novo a disciplinary panel's conclusions of law and recommended discipline. SCR 105(3)(b).

An associate in Hardy's firm, the Hardy Law Group, entered into a contingency fee agreement with a client to handle a trust and probate matter, which included a provision giving the firm the ability to attach a lien on any proceeds recovered as security for payment of fees owed to the firm. During the probate case the associate filed a notice of lien for attorney

fees and, from the record provided to this court, it does not appear that the lien was ever adjudicated. *See* NRS 18.015(6) (allowing an attorney to request that a lien for attorney fees be adjudicated). Rather, after the district court entered its order distributing the majority of the trust assets,[1] the trustee executed an assignment of a note and deed of trust for a property held by the trust, assigning Hardy's client and Hardy Law Group jointly an interest in income from that property. The obligor on the note defaulted and a deed in lieu of foreclosure was recorded at the request of the associate, giving the client a certain percentage ownership, and dividing the remaining ownership of the property between Hardy and his associate, all as tenants in common. The associate left Hardy Law Group shortly thereafter. Both the client and the associate testified at the hearing that the client was given no disclosures and made no written consent to own property with Hardy as tenants in common. The panel found that these actions constituted violations of RPC 1.8(a) (conflict of interest: current clients: specific rules-business transactions) and RPC 5.1 (responsibilities of partners, managers, and supervisory lawyers).

> RPC 1.8(a) prohibits a lawyer from
>
> enter[ing] into a business transaction with a client or knowingly acquir[ing] an ownership, possessory, security or other pecuniary interest adverse to a client unless:
>
> (1) The transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted

---

[1]Contested attorney fees were not distributed. To the extent Hardy argues that the district court order addressed his law firm's lien for attorney fees, we disagree, as it is clear the attorney fees discussed in the district court's order are those requested by the trust's attorney.

in writing in a manner that can be reasonably understood by the client;

> (2) The client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and

> (3) The client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

Hardy first argues that a tenancy in common is not a business relationship, thus no violation could lie. We disagree as we have previously held that a business transaction occurs when an attorney places "himself in a position wherein the exercise of his professional judgment on behalf of his clients would be affected by his own financial interests." *In re Discipline of Singer*, 109 Nev. 1117, 1120, 865 P.2d 315, 317 (1993). Owning property with a client is certainly a situation where an attorney's professional judgment would be affected by his own financial interests.

We also disagree with Hardy's argument that his actions fall under RPC 1.8(i) and therefore cannot be considered a violation of RPC 1.8(a). RPC 1.8(i) prohibits attorneys from acquiring a proprietary interest in their client's litigation, except that the attorney may "[a]cquire a lien authorized by law to secure the lawyer's fee or expenses." RPC 1.8(i)(1). And Hardy is correct that NRS 18.015(1)(a) provides an attorney a lien on a client's cause of action to secure payment for attorney fees. But subsections RPC 1.8(a) and (i) are not mutually exclusive. Rather, an attorney may have a proprietary interest in the object of a client's litigation under subsection (i) and NRS 18.015(1)(a) but, if that proprietary interest constitutes a business transaction under subsection RPC 1.8(a), then the

attorney is still required to comply with RPC 1.8(a)'s written disclosure and consent requirements. *See* Ann. Model Rules of Prof'l Conduct R. 1.8 cmt. 1 & R. 1.5 cmt. 4 ("[A] fee paid in property instead of money may be subject to the requirements of Rule 1.8(a) because such fees often have the essential qualities of a business transaction with the client."); *see also Hawk v. State Bar*, 754 P.2d 1096, 1103 (Cal. 1988) ("[A]n attorney who secures payment of fees by acquiring a note secured by a deed of trust in the client's property has acquired an interest adverse to the client, and so must comply with [California's equivalent of RPC 1.8(a)]."); *Petit-Clair v. Nelson*, 782 A.2d 960 (N.J. Super. Ct. App. Div. 2001) (holding that securing the payment of legal fees by obtaining a mortgage on the clients' personal residence constituted an adverse interest requiring written disclosure and consent); *Selby v. Stewart*, 853 N.Y.S.2d 489, 495-96 (App. Div. 2008) (requiring disclosure and consent when an attorney obtains a mortgage on the client's real property to secure payment for fees). Thus, because Hardy's interest in the client's property constituted a business transaction in this case, Hardy was obligated to comply with RPC 1.8(a). As there is no dispute that neither Hardy nor his associate complied with RPC 1.8(a)'s written disclosure and consent requirements, we agree with the panel's conclusion that the State Bar established by clear and convincing evidence that Hardy violated RPC 1.8(a).

We also conclude that the State Bar established that Hardy violated RPC 5.1 by clear and convincing evidence. RPC 5.1(c)(2) makes an attorney responsible for another attorney's violation of the RPCs if the attorney has managerial authority over the other attorney "and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action." Here, Hardy failed to take

any remedial action once he became aware of his co-ownership of the property[2] and is therefore responsible for his associate's RPC violations[3] pursuant to RPC 5.1(c)(2).

In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). We must ensure that the discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (noting the purpose of attorney discipline).

Hardy violated duties owed to his client (conflict of interest: current clients) and to the profession (responsibilities of partners, managers, and supervisory lawyers). Hardy's violation was with knowledge as he knew that he obtained a proprietary interest in his client's property without giving written disclosures or obtaining written consent. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, 452 (Am. Bar Ass'n 2017) (Standards) (defining knowledge as a "conscious awareness of the nature or attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result"). The panel found and the record supports

---

[2]There is substantial evidence in the record to support the panel's finding that Hardy knew of his ownership of the property at the time his associate left the Hardy Law Group, which occurred shortly after Hardy was deeded the interest in the property.

[3]The associate was given a letter of reprimand for his actions in the client's case.

that there was actual injury to the client because the client lacked the opportunity to be informed about the consequences of owning property as tenants in common with Hardy. In aggravation, Hardy has substantial experience in the practice of law and his denial of responsibility for the RPC 1.8(a) violation was unreasonable. Although Hardy argues that his decision to defend himself should not be held against him, we conclude that substantial evidence supports the panel's finding that Hardy had knowledge of his RPC 1.8(a) violation yet did not accept responsibility for it. In mitigation, Hardy does not have a prior disciplinary record.[4]

Considering all these factors, we agree that a public reprimand is sufficient to serve the purpose of attorney discipline. *See Claiborne*, 104 Nev. at 213, 756 P.2d at 527-28. Though suspension is generally the baseline sanction for Hardy's misconduct, *see* Standards, at Standard 4.32 (providing that suspension is "appropriate when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client"), we conclude that the mitigating circumstance weighs in favor of a public reprimand.

Further, we conclude that the panel's recommendation that Hardy be assessed a $1,000 fine and the actual costs of the disciplinary proceeding in addition to the administrative costs under SCR 120(3) is appropriate. The State Bar's memorandum of costs included receipts and bills accounting for those costs.

---

[4]We note, however, that after this matter was fully briefed, Hardy was suspended from the practice of law in a separate disciplinary matter. *See In re Discipline of Hardy*, Docket No. 75741 (Order of Suspension and Referral to Disciplinary Board, May 15, 2018).

Accordingly, we hereby publicly reprimand Delmar L. Hardy for violating RPC 1.8(a) (conflict of interest: current clients) and RPC 5.1 (responsibilities of partners, managers, and supervisory lawyers). Additionally, Hardy shall pay the actual costs of the disciplinary proceedings as provided in the State Bar's memorandum of costs, the $1,000 fine, and $1,500 under SCR 120(3) within 30 days from the date of this order.[5] *See* SCR 120. The State Bar shall comply with SCR 121.1.

It is so ORDERED.



_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Chair, Northern Nevada Disciplinary Panel
      Carl M. Hebert
      C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
      Kimberly K. Farmer, Executive Director, State Bar of Nevada
      Perry Thompson, Admissions Office, U.S. Supreme Court

---

[5]We note that the State Bar's retaxed memorandum of costs has a mathematical error. The total amount should be $5,763.68, not $6,763.68.